## Claude Howard v. Maple Leaf Farm Associates, Inc.

[563 A.2d 996]

No. 87-373

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed May 12, 1989

*Douglas L. Molde* and *Graham Hayes Govoni, Law Clerk (On the Brief)*, of *Molde & Black*, Johnson, for Plaintiff-Appellant.

*McNeil, Murray & Sorrell, Inc.*, Burlington, for Defendant-Appellee.

**Morse, J.** Plaintiff brought suit against his employer under the Fair Labor Standards Act to recover overtime wages, an additional equal amount for liquidated damages, and attorney's fees. 29 U.S.C. §§ 207(a), 216(b) (1982). Trial was by court, which entered judgment for the defendant. We affirm.

Claude Howard worked for Maple Leaf Farm, a drug and alcohol rehabilitation center in Underhill, Vermont, from February to December 1984. His duties there included general supervision of the eighteen to twenty-one residents, answering the telephone and responding to emergencies. His hours were 4:00 p.m. to 8:00 a.m., Monday through Friday. A typical schedule involved plaintiff actively supervising residents before, during, and after dinner and insuring that residents attended evening activities. He was responsible for enforcing curfew and ensuring that all lights were out by midnight. During the night, plaintiff's responsibilities were to answer telephone calls and be available for emergencies, but he could otherwise do as he pleased on the premises. He was provided a furnished room where he slept, watched television, and relaxed. Not much usually happened after midnight, but occasionally plaintiff answered the phone or counseled a resident. Once he drove a resident to the hospital.

Plaintiff was paid $180 a week plus room and board. The parties had no written employment agreement. Although defendant required employees to fill out weekly time sheets and attach overtime slips for any overtime work, plaintiff never indicated he worked more than 40 hours a week. At no time during his employment at Maple Leaf Farm did plaintiff ask to be compensated for the hours between midnight and 8:00 a.m.

In 1985, the United States Department of Labor investigated defendant's overtime practice and determined that plaintiff was owed $573.52 in overtime pay for whatever active work he performed after midnight. That amount in back wages, less deduc-

tions, was tendered to plaintiff, but he refused to accept it. He claims he is owed back wages at time and a half for all hours during which he was on duty from midnight to 8:00 a.m.

The trial court found that the parties had orally agreed that plaintiff would be paid for only 40 hours a week, from 4:00 p.m. to midnight. The court then concluded that plaintiff's employment was covered by a U.S. Department of Labor regulation providing that sleep time in certain job situations is not compensable. The regulation states in part:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. . . . It is, of course, difficult to determine the exact hours worked under these circumstances and *any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.*

29 C.F.R. § 785.23 (1988) (emphasis added). Accordingly, the court ruled that plaintiff should not be compensated for his sleep time at Maple Leaf Farm.

█ Plaintiff contests the court's finding that the parties had an oral agreement that the only compensable hours would be from 4:00 p.m. to midnight. We will not disturb the findings of the trial court if there is any credible evidence fairly and reasonably tending to support its findings. *A. Brown, Inc.* v. *Vermont Justin Corp.*, 148 Vt. 192, 194, 531 A.2d 899, 901 (1987). There is ample support for the court's findings here. It is undisputed that plaintiff met with the executive director of Maple Leaf Farm before he started work to discuss the job. It was understood that plaintiff's wages would be $180 a week. Moreover, the agreement between the parties is evident from the parties' subsequent conduct. It is a "well-settled rule that in determining the meaning of an indefinite . . . contract, the construction placed upon it by the parties may be considered by the court." *Murphy* v. *Britton,* 109 Vt. 522, 525, 1 A.2d 724, 725 (1938). See generally 1 Corbin on Contracts § 101 (1963). Every week plaintiff demonstrated his understanding of the hours he was to be paid by turning in a time sheet claiming forty hours. If he had been of the opinion that he was entitled to overtime pay from midnight to 8:00 a.m., he never expressed it during his term of employment.

Plaintiff contends, however, that the time sheets were not used as the basis for compensable hours, but rather for documenting client contact needed for grant applications. We fail to grasp plaintiff's reasoning. In effect, his claim is that he filled out the time sheets believing they were inaccurate, as an accommodation to his employer. There was no testimony to that effect, however. Even though the records may have been inaccurate in not reflecting overtime for active work as opposed to sleep, they are telling in determining what plaintiff understood he was being paid for.*

Plaintiff also argues that, although not required, the agreement should have been in writing to avoid a misunderstanding. The trial court could and did find on this record, however, that there was no misunderstanding. Plaintiff's conduct in accepting $180 a week for forty hours without seeking a clarification belies a misunderstanding.

Finally, the court's conclusion that the agreement was reasonable was not clearly erroneous. Plaintiff's after-midnight interruptions for calls and emergencies — understood to be part of the employment agreement — were minimal, and there is no suggestion that the agreement otherwise failed to take into consideration "all of the pertinent facts." 29 C.F.R. § 785.23 (1988).

*Affirmed.*

---

* Plaintiff raises on appeal that the trial court improperly allocated the burden of proof on the issue of compensable hours worked. Plaintiff did not raise this issue below and we shall not reach it. *Poulin* v. *Ford Motor Co.,* 147 Vt. 120, 125, 513 A.2d 1168, 1172 (1986).