## Francis and Kathleen Shepard v. Town of Castleton

[568 A.2d 383]

No. 87-444

Present: Allen, C.J., Peck, Gibson, Dooley and Morse,[1] JJ.

Opinion Filed October 6, 1989

*William J. Bloomer*, Rutland, for Plaintiffs-Appellants.

*John D. Burke*, Castleton, for Defendant-Appellee.

---

[1] Justice Morse was present at oral argument but did not participate in the decision.

**Gibson, J.** Francis and Kathleen Shepard appeal a judgment of the trial court finding them in violation of the Town of Castleton (Town) sewage ordinance and ordering them to obtain a permit for their on-site sewage disposal system. We affirm.

The Shepards own a residence on a small lot on Lake Bomoseen in Castleton, Vermont. In June 1986, plaintiffs were granted a variance to build an addition to the second floor of the residence. Upon completion of the project, plaintiffs' loft was expanded to a full second story with bathroom. The permit required as follows:

> All necessary State and local requirements as to zoning, adequate sewage disposal and access requirements have been satisfied and must be complied with prior to start of construction.

At the time, the existing sewage system was more than thirty years old and did not meet modern standards.

Shortly after completion of the second story, the sewage system backed up, requiring the basement to be pumped out. At that time, the septic tank was also pumped out and a contractor and the town health officer met with the Shepards. Various options to correct the sewage system were discussed, and the Shepards were given permission temporarily to use the existing system. The health officer made it clear, however, that, even if repaired, the present system was unacceptable because it would not meet effective state standards.

Ten days later, Mr. Shepard notified the health officer that he would replace the old system with a sewage holding tank, one of the more expensive options discussed. Mr. Shepard then installed the tank, but neglected to obtain the permit required by 24 V.S.A. § 3634 and Section II of the Town's sewage ordinance. Upon inspection, the health officer discovered that the holding tank was connected to only a portion of the plumbing fixtures and the old system was still in use. He informed the Shepards that a permit would not issue unless use of the old system completely ceased.

The Shepards appealed this decision to the Town Board of Selectmen. After a hearing, the Board of Selectmen found the Shepards in violation of the Town's sewage ordinance, see 18

V.S.A. § 613(b), and the Shepards appealed to the superior court.[2]

The sewage ordinance for the Town provides at Section II(3):

> No single family dwelling served by a sewage disposal system shall be altered in any way so as to increase the residential capacity of the structure unless the Health Officer determines that the existing sewage disposal system has an adequate capacity or a Sewage Disposal Construction Permit has been issued to increase the capacity of such system.

■ Plaintiffs maintain that they did not increase residential capacity within the meaning of the ordinance, as the number of bedrooms remained constant. We disagree. No matter how one measures capacity, the second-floor addition of increased living area and the extra bathroom triggers the provision. The words cannot sensibly be read any other way.

Plaintiffs also contend that since no further backups have occurred, the health officer should have determined "that the existing sewage disposal system has an adequate capacity" under Section II(3). They maintain that the trial court made "no findings about capacity." To the contrary, the court expressly found that the health officer had "made it clear" to plaintiffs that the existing system "was unacceptable since it would not meet Vermont state standards now in effect." The court's finding is supported by the record. See *Howard v. Maple Leaf Farm Assoc., Inc.*, 151 Vt. 555, 557, 563 A.2d 996, 997 (1989).

Plaintiffs were therefore in violation of the ordinance. They altered their dwelling so as to increase residential capacity without the health officer's approval of the existing sewage disposal system—indeed, in the face of the officer's subsequent express disapproval of that system—and they never obtained a permit to increase its capacity.

---

[2] The procedures by which this case arrived in this Court have not been challenged, and we intimate no view on their validity. While the superior court and the parties called the action in the trial court an "appeal," the court in fact held an evidentiary hearing and based its findings and conclusions upon the evidence adduced at that hearing.

■ The Shepards' essential point is that because actual pollution is not presently discernible, they should be left alone. What they do not accept, however, is that the Town properly may set standards to prevent tomorrow's pollution, even though no more than the potential for pollution is evident today. 24 V.S.A. §§ 3631–3632.

We need not reach plaintiffs' other claims of error since the violation of Section II(3) is sufficient to justify the judgment.

*Affirmed.*