## Wesco, Inc. v. Hay-Now, Inc., John P. Hayes, Pamela Hayes, Kentucky Fried Chicken of Burlington, Inc. and John P. Hanzas

[613 A.2d 207]

No. 91-238

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 17, 1992

*Craig Weatherly* and *Charles T. Shea* of *Gravel and Shea*, Burlington, for Plaintiff-Appellant.

*Ronald W. Kish* of *Ward, Kish & Babb*, South Burlington, for Defendants-Appellees Hay-Now, Inc. and Hayes.

*Thomas E. McCormick* and *Harrison B. Lebowitz* of *McNamara, Fitzpatrick, McCormick & Mertz*, Burlington, for Defendants-Appellees Kentucky Fried Chicken and Hanzas.

**Johnson, J.** Plaintiff, Wesco, Inc. (Wesco) appeals from summary judgment in its declaratory judgment action seeking construction of the terms of its lease agreement with defendant, Hay-Now, Inc. (Hay-Now). We affirm.

Wesco is the successor in interest to Northern Terminals, Inc. (NTI), which, on January 7, 1969, leased land located at 295 Shelburne Road in Burlington to Kentucky Fried Chicken of Burlington, Inc. (KFC) and John P. Hanzas (Hanzas). On that same date, NTI leased property adjacent to the KFC/Hanzas parcel, at 315 Shelburne Road, to Tom Simoneau (Simoneau), who thereafter operated a gasoline station and convenience store at that address. KFC/Hanzas and Simoneau shared rights to a common parking area adjacent to their respective businesses. Hay-Now is successor in interest to KFC/Hanzas.

On January 25, 1978, NTI informed Simoneau of its intention to sell the property at 315 Shelburne Road to the Justin Corporation, whereupon Simoneau sued NTI, seeking to enjoin the prospective sale on the grounds that it violated a provision in his lease that gave him the right of first refusal in the event that NTI decided to sell the property. The Chittenden Superior Court issued a preliminary injunction that prevented the sale and that remained in effect through the conclusion of the litigation on September 28, 1984. On that date, the court perma-

nently enjoined the sale on the grounds that NTI had breached the first refusal provision of its lease with Simoneau.

Meanwhile, on April 28, 1980, prior to resolution of the Simoneau/NTI litigation, KFC/Hanzas and NTI, predecessors in interest to Hay-Now and Wesco, respectively, signed a stipulation that permitted KFC/Hanzas to construct an addition to its restaurant at 295 Shelburne Road in exchange for a rent increase, to one thousand dollars ($1000) per month. The parties recognized in that stipulation that "rights to the common parking areas are held by Tom Simoneau pursuant to a Lease with the herein Lessor . . . and that said rights could interfere with the ability of the herein Lessees to construct the addition to the existing building."

They therefore stipulated that if Simoneau's opposition "or any other encumbrance . . . [that] interferes with the ability of the Lessees to construct such addition or alteration is not removed by August 1, 1984, . . . then the Lessees' rent shall abate to the sum of $650.00 per month until such encumbrance is removed." The parties further stipulated that "[i]f any such encumbrance is not removed by August 1, 1985, then the rent shall continue abated at the sum of $650.00 per month until the Lease ends in accordance with its terms."

On July 15, 1980, pursuant to their shared rights in the common parking area, KFC/Hanzas requested from Simoneau permission to construct the aforementioned addition. Simoneau refused because he was involved in litigation with NTI concerning the prospective sale of 315 Shelburne Road. As of August 1, 1984, Simoneau remained opposed to the expansion. Hence, pursuant to the stipulation signed by KFC/Hanzas and NTI on April 28, 1980, KFC/Hanzas paid the abated rental amount of $650 per month, which NTI accepted without objection. Simoneau still occupied 315 Shelburne Road and still opposed the expansion as of August 1, 1985, so, again pursuant to stipulation, KFC/Hanzas continued to pay NTI $650 per month after that date and NTI continued to accept that amount without objection.

On September 5, 1986, NTI sold 295 Shelburne Road to Wesco. Between October 1, 1986 and April 1, 1988, KFC/Hanzas paid Wesco rent in the amount of $650 per month. In May of 1988, however, Wesco concluded that it was entitled to

receive from Hay-Now, the successor in interest to KFC/Hanzas, rent in the amount of $1,000 per month, the amount that KFC/Hanzas and NTI had agreed would be due if encumbrances to the expansion of 295 Shelburne Road were removed by August 1, 1985.

On September 11, 1989, Wesco commenced this action against Hay-Now, seeking declarations that the correct amount of rent due was $1,000 per month beginning August 1, 1984 and that the lease between Wesco and Hay-Now had terminated because Hay-Now had breached by underpaying its rent.

On February 1, 1991, Wesco moved for summary judgment. The Chittenden Superior Court denied the motion and granted summary judgment for Hay-Now. Wesco appeals.

Wesco presents three separate arguments that are properly consolidated into one, namely, that, as of August 1, 1984, Wesco was entitled to receive rent in the amount of $1,000 per month from Hay-Now because that date marked the termination of Simoneau's lease with NTI, his claim of right to the parking area shared with KFC/Hanzas (now Hay-Now) and the "encumbrance" posed by his objection to the restaurant expansion. In Wesco's view, no encumbrances to the expansion remained on August 1, 1984 and, therefore, pursuant to the stipulation agreed to by the parties' predecessors in interest, Hay-Now owed Wesco $1,000 per month rent, as of that date. Accordingly, Wesco maintains, the trial court erred in rejecting Wesco's motion for summary judgment and in granting Hay-Now's motion for summary judgment.

Hay-Now counters that the trial court acted properly because the conduct of the parties reflects Wesco's acknowledgment that Simoneau's continued occupancy of 315 Shelburne Road and his continued opposition to the restaurant expansion after August 1, 1984 constituted an "encumbrance" that justified the payment of the reduced monthly rent, $650, by KFC/Hanzas and, later, by Hay-Now. We agree with Hay-Now.

■ It is well established in Vermont that "[t]o prevail on a motion for summary judgment, the moving party must satisfy a stringent two-part test: first, there must be no genuine issues of material fact between the parties, and second, the moving party must be entitled to judgment as a matter of law." *Northern Air-*

*craft v. Reed,* 154 Vt. 36, 44, 572 A.2d 1382, 1387 (1990); V.R.C.P. 56(c).

In the present case, the parties agree that there are no genuine issues of material fact in dispute. The sole remaining question of law is whether Simoneau's continued objection after August 1, 1984 to the proposed restaurant expansion at 295 Shelburne Road was an "encumbrance" that justified the payment of reduced rent by Hay-Now to Wesco.

■ Wesco's own conduct vis-a-vis Hay-Now compels the conclusion that Simoneau's actions were an encumbrance. The stipulation, quoted above, clearly indicates that Simoneau's opposition to the planned expansion at 295 Shelburne Road is included within the category of "encumbrances" that would potentially prevent the expansion and trigger a reduced rental payment to Wesco.

Moreover, long after August 1, 1984, and for nearly two years, Wesco accepted rental payments from Hay-Now of $650 per month instead of $1,000 per month. Wesco's action was consistent with the view that Simoneau's objection to the expansion constituted an encumbrance. In other words, Wesco's conduct after August 1, 1984 suggests that Wesco construed the word "encumbrance" in the April 28, 1980 stipulation agreed to by NTI and KFC/Hanzas in the same way that those parties had construed it. See *Howard v. Maple Leaf Farm Associates, Inc.,* 151 Vt. 555, 557, 563 A.2d 996, 997 (1989) (intention of parties to contract was evident from parties' subsequent conduct).

Wesco attempts to divert our attention from the stipulation and its own conduct to the issue of whether Simoneau possessed a legal right to prevent construction of the restaurant addition after his lease ended on July 31, 1984. It is immaterial whether Simoneau, as a holdover tenant, had lost his right to oppose the expansion because, in fact, he remained on the property and opposed the expansion as late as August 1, 1985, the triggering date for permanent rental abatement. That was precisely the situation the parties anticipated, and the trial court, in granting summary judgment for Hay-Now, properly gave effect to their intent.

*Affirmed.*