**James F. TOOLEY v. ROBINSON SPRINGS CORP.**

[660 A.2d 293]

No. 94-306

March 29, 1995. Defendant, Robinson Springs Corporation, appeals a summary judgment for plaintiff, James Tooley, awarding plaintiff compensation for the Corporation's default on a $37,500 debenture. On June 24, 1981, Tooley purchased a $37,500 subordinated debenture from the Corporation. According to the debenture's terms, Tooley would receive annual interest payments of ten percent on the unpaid principal, and, starting in 1992, the Corporation would begin paying back twenty percent of the principal each year until paid in full.

Throughout the duration of the debenture, the Corporation was consistently late in making the interest payments. In 1992, the Corporation missed its interest payment and its first installment for repayment of principal. In January of 1993, pursuant to the default provision of the debenture, Tooley requested payment of the full principal and all accrued interest. In response, the Corporation sent two checks, in trust to Tooley's attorney, covering the first installment of principal and the interest payment for 1992. Tooley's attorney deposited these funds in the firm's IOLTA trust account, and wrote the Corporation requesting the additional amounts due. When the Corporation refused to pay the full principal, Tooley initiated this court action. Both parties moved for summary judgment, and the court granted summary judgment for Tooley, awarding him recovery of the principal plus accrued and unpaid interest thereon.

On appeal, the Corporation argues that the court's summary judgment order was erroneous because (1) Tooley either waived or was estopped from claiming default, (2) Tooley's claim was satisfied when the checks were deposited, (3) Tooley was contractually obligated to sell his shares to the Corporation and to offer his debenture for redemption, and (4) there were genuine issues of material fact in dispute, precluding summary judgment. On cross-appeal, Tooley argues the court should have (1) awarded him ten percent interest on the late payment of

628

annual interest obligations from 1982 to 1991, and (2) denied twelve percent interest credit on the funds in the IOLTA trust account. We reverse the twelve percent interest credit and affirm on all other issues.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wesco, Inc. v. Hay-Now, Inc.*, 159 Vt. 23, 26, 613 A.2d 207, 209 (1992); V.R.C.P. 56(c). When both parties seek summary judgment, both parties are entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged. *Toys, Inc. v. F.M. Burlington Co.*, 155 Vt. 44, 48, 582 A.2d 123, 125 (1990).

The Corporation claims that Tooley waived his right to claim default because his conduct evidenced intent to relinquish payment in full. A waiver is the intentional relinquishment or abandonment of a known right and may be evidenced by express words or by conduct. *Chimney Hills Owners' Ass'n, Inc. v. Antignani*, 136 Vt. 446, 453, 392 A.2d 423, 427 (1978). The Corporation argues that Tooley, by accepting late interest payments from 1982 to 1991, waived his right to assert default when the Corporation failed to meet its 1992 obligations. We disagree. The language of the debenture gives the holder the right to claim default sixty days after the Corporation fails to meet its obligation. Just because Tooley did not declare default when there were other opportunities to do so does not mean he could not declare default, after the Corporation failed to meet its first principal repayment obligation.

The Corporation further argues that by paying for dinner after discussing nonpayment of the debenture with the Corporation's president, Tooley implicitly agreed to an extension of payment. Such an act, however, does not rise to the level of intentional relinquishment of a known right. The Corporation also argues that two-thirds of the debenture holders had agreed to delay and extend the payment of principal and interest. Their agreements, however, are not binding on Tooley, who did not make such an agreement. We conclude that Tooley did not waive his right to claim full payment on the debenture.

Similarly, because Tooley's actions were insufficient to permit the Corporation to act upon them, the estoppel argument is without merit. *Fisher v. Poole*, 142 Vt. 162, 168, 453 A.2d 408, 412 (1982) (second element of estoppel requires party being estopped to intend that conduct be acted upon, or acts must be such that party asserting estoppel has right to believe they are so intended).

The Corporation further claims that the deposit of the checks constituted an accord and satisfaction of Tooley's claims. A creditor may deposit a check for partial payment without sacrificing the right to recover the remainder as long as the creditor "makes a reservation of rights in a manner that clearly and explicitly notifies the debtor that the check is not accepted as full payment on the debt and that no accord and satisfaction has been effected." *Frangiosa v. Kapoukranidis*, 160 Vt. 237, 244, 627 A.2d 351, 355 (1993). On the same day Tooley's attorney deposited the checks in the firm's trust account, he wrote a letter rejecting the Corporation's offer and requesting the additional amounts due. The Corporation argues that this letter was an ineffective reservation of rights because the checks were received by the attorney almost one month earlier. While we agree that payment on a check relates back to the time the check was delivered, *Roy v. Mugford*, 161 Vt. 501, 505, 642 A.2d 688, 690-91 (1994), we do not think this rule controls the issue of proper reservation of rights. When an attorney receives a check in trust for a client and waits to deposit the check until the attorney can communicate

with the client and then sends a rejection letter on the same day the check is deposited, that letter is a reasonable reservation.

Similarly, the Corporation argues that Tooley, by depositing the checks, accepted the Corporation's offer to buy his shares and redeem his debenture. In accordance with this argument, the Corporation requests enforcement of this agreement. Tooley specifically rejected, however, the Corporation's offer when his attorney wrote the Corporation after depositing the checks. See 1 A. Corbin, Corbin on Contracts § 3.41, at 520 (rev. ed. 1993) (rejection is offeree's manifestation of intention not to accept offer). Therefore, there is no agreement to enforce. See *Evarts v. Forte*, 135 Vt. 306, 309, 376 A.2d 766, 768 (1977) (must have meeting of minds to form contract).

Finally, the Corporation claims summary judgment was inappropriate on these issues because there were genuine issues of material fact concerning the affirmative defenses. The moving party has the burden to prove that there are no genuine issues of material fact. *Wesco, Inc.*, 159 Vt. at 26, 613 A.2d at 209. Because the Corporation's arguments consist of differences as to the legal significance of the facts, not as to the facts themselves, we conclude that there were no genuine issues of material fact.

On cross-appeal, Tooley claims the court erred when it failed to award interest on the late payment of annual interest obligations. Tooley argues that because the Corporation was consistently late in making the annual interest payments, he should be awarded interest on that money while the obligation was outstanding. The Corporation, in its main brief, argues that eventual acceptance of the interest payment without any reservation of rights waives any future claim regarding that payment, including interest.

In this case, Tooley waived his right to collect interest on the late payment of annual interest obligations from 1982 to 1991. His conduct during this time was markedly different from his conduct after the Corporation's failure to pay the 1992 obligations. For each of these late interest payments, Tooley accepted the payment when it arrived. There is no evidence that Tooley reserved his right to claim any damages arising from these late payments. Furthermore, Tooley did not exercise his right to claim default as specifically provided for in the debenture. Acceptance of payment without reservation and failure to initiate the remedy provided by the terms of the debenture are sufficient evidence to conclude that Tooley, by his conduct, waived any rights for collecting interest on the late payments from 1982 to 1991. See *Chimney Hills*, 136 Vt. at 453, 392 A.2d at 427 (waiver may be evidenced by conduct). Thus, the court properly denied recovery of interest on the late payment of annual interest obligations.

Finally, Tooley claims that the court erred in granting the Corporation a credit of twelve percent interest on the money that had been deposited in the attorney's IOLTA trust account. We agree. Tooley's attorney deposited the two checks into the firm's IOLTA trust account in accordance with the terms of the offer of settlement in the Corporation's letter of February 6, 1993. After Tooley rejected the Corporation's offer, the Corporation did nothing to remove the restrictions it had placed on the funds. Neither Tooley, nor his attorney, had the use of the money while it was in the trust account. See DR 9-103(A) (interest accrued on this account paid to Vermont Bar Foundation). Therefore, Tooley should not be held liable for interest that might have been earned if the Corporation had not restricted the use of the funds. It was an abuse of discretion to grant the credit. See *Legault v. Legault*, 142 Vt. 525, 532, 459 A.2d 980, 984-85 (1983) (trial court has discretion to award interest for noncontractual obligations).

*Interest credit awarded on amount in IOLTA trust account is reversed; all other issues are affirmed.*