Dannenberg v. Martin, No. S0475-02 CnC  (Norton, J., Mar. 8, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                         Docket No. S0475-02 CnC


DANNENBERG

v.

MARTIN


ENTRY

Following this court's entry granting summary judgment to both sides, plaintiffs Paul and Anne Dannenberg have motioned to amend and request the court to deny defendant James Martin's motion for summary judgment.

The issues of this case were detailed in this court's previous entry order dated January 7, 2005.  In brief this is a dispute between two neighbors and concerns charges of trespass, nuisance, and malicious

prosecution, among other claims.  For the following reasons, the court finds that summary judgment is still appropriate.

The Dannenbergs' first argument is that Mr. Martin's motion for summary judgment is unauthorized because he was exclusively represented by Attorney Charles Hurt.  This is a strained interpretation of the attorney-client relationship that the Dannenbergs provide no evidence to support.  While Mr. Hurt may be Mr. Martin's exclusive attorney, there is no reason to understand that the agreement somehow ceded all personal control to Mr. Hurt.  After all, an agent may be exclusive but barring a specific agreement, that does not prevent the principal from also acting.  Certainly, this is a common practice in post-conviction relief petitioners where the prisoner will supplement her attorney's filings to the court with further research.  While the court could see a scenario where such additional filings might complicate or create a question of counter-purpose between attorney and client, the present situation demonstrates no such confusion.  Mr. Martin, like Mr. Dannenberg, has generated much of the paperwork in this case pro se and is not at odds with counsel as to the evidence or arguments proffered.  Hence, the court rejects this basis to amend.

The second reason for amendment that the Dannenbergs offer is based on a January 28, 2004 extension of time granted by Judge Katz.  The Dannenbergs argue that they requested the extension for two purposes: (1) settlement negotiations and (2) further discovery.  Plaintiffs argue that the first reason is still valid as they have a pending Motion to Enforce a Settlement Agreement before this court.  This motion does not make a great deal of sense.  If the parties had reached a settlement, that is a mutually acceptable agreement to relinquish claims for some consideration, there would be no reason to enforce such a settlement.  The fact that one party vigorously disputes that such an agreement exists seems to repudiate the

existence of settlement agreement.

The lack of any documentation of an agreement is fatal. The Dannenberg's attempts to revive settlement talks by asserting that there was an oral agreement puts the court in the uncomfortable position of reviewing and ruling on settlement negotiations that are inherently outside our purview. The only evidence filed in support of this motion bears out this position. Mr. Dannenberg's affidavit details negotiation talks with Mr. Martin's insurance company that represent at best negotiations that broke down when the parties failed to agree. Even under a generous standard of review this evidence fails to evince anything approaching a settlement. The further idea that a party may prevent movement on a case simply by filing a superfluous or frivolous motion runs counter to the purpose of litigation and the rules of civil procedure. V.R.C.P. 1.

As to the Dannenbergs' argument that summary judgment was unfair and that they need more, possibly unlimited, time for discovery, this is somewhat disingenuous. In our prior entry, the court noted that these claims had more to do with animosity between neighbors than the genuine pursuit of legal issues. The discovery thus far in this case bears this observation out. For example, in 2003 the Dannenbergs sent Mr. Martin a list of "Requests for Admission under V.R.C.P. 36." This list included 118 statements for Mr. Martin to admit or deny. They included:

> 12. I have received mental or emotional treatment for a mental or emotional disturbance.
> 37. I have been charged with domestic abuse.
> 38. I have been charged with domestic abuse by more than one person.
> 46. I own more than one firearm which is located in my house.
> 47. I own more than five firearms.
> 48. I own more than ten firearms.

49. I have handled a firearm during a party, picnic or other social gathering at my property.

50. I drink more than 4 drinks of alcohol per day.

64. I have a mental illness that causes me to scream and shout.

65. I have had no formal training in using firearms.

77. I have photographs, videos, or films or other graphic images of the plaintiff's dog.

78. I have photographs, videos, or films or other graphic images of the plaintiffs.

85. I have a target range on my property with targets that I shoot at.

86. I have targets depicting people.

87. I have or had in the past targets depicting the plaintiffs.

101. I have heard sound or noise coming from the aerator compressor machine I own and would not like to hear that sound in my bedroom when I am trying to sleep if it was coming from plaintiff's property.

111. I have used profanities or obscenities on Delfrate Rd.

114. I get angry with people when they don't behave properly.

118. I have used profanities or obscenities near Delfrate Rd.

Defendant's sole attempt to depose the plaintiffs in 2002 also resembles a comedy of errors. It failed to produce any pertinent information to either side's legal claims. Instead, it immediately broke down into an argument about directions to the courthouse, threats of sanctions, refusals to ask questions, and re-iterations of each side's positions. The court sees little that would come from extending this charade further.

The Dannenbergs' remaining arguments against summary judgment have been thoroughly answered in the previous entry order and do not require further elaboration. While their motion flushes out their position, it does not create any triable issues of fact in the present case. Tooley v. Robinson Springs Corp, 163 Vt. 627,

629 (1995) (mem.) (differences about the legal significance of facts do not establish genuine issues of material fact).

Therefore, based on the foregoing, plaintiffs' motion to amend and for enlargement of time is denied.

Dated at Burlington, Vermont_____, 2005.