**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Trotin | } | Docket No. 141-8-04 Vtec |
| | } | |

### Decision and Order on Appellants' Motion for Summary Judgment

Appellants Philippe and Kristine Trotin appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bakersfield, reversing the Zoning Administrator's issuance of a Notice of Violation to Appellees Landon and Sherri Joyal for operating a commercial enterprise at an unpermitted facility. Appellants are represented by Charles F. Storrow, Esq.; Appellees are represented by Douglas D. DeVries, Esq.; the Town is represented by Michael S. Gwane, Esq. Appellants moved for summary judgment.

### Background

The following facts are undisputed unless otherwise noted.

1.      Appellees Landon and Sherri Joyal own a ±6.5-acre parcel of property on Vermont Route 108 within the Town's Low Density Residential zoning district. Appellees' property includes their residence and a 30´ by 80´ garage approved under a permit issued in March of 2003. The issuance of the permit for the garage was not appealed, and is therefore final.

2.      Next to "PROPOSED USE" on the permit application Appellees wrote: "garage for Truck and workshop." The garage was erected sometime after the March 2003 approval. It is unclear from the parties' filings whether the garage construction was completed at the times relevant to this proceeding.

3.     Appellees own a tractor and operate a trailer with a refrigeration unit which they use for the transportation of goods in exchange for payments.  The parties dispute where Appellees park their tractor and its trailer when not in use. [1]  Appellants assert that the tractor and trailer are parked in Appellees' driveway.  Appellees claim that the tractor and trailer are parked in their 30´ by 80´ garage.

4.     After receiving complaints from Appellees' neighbors regarding noise and odors emanating from Appellees' idling tractor and the running of the trailer's refrigeration unit, the Zoning Administrator discussed the issue with the Town's attorney, and then sent a letter to Appellees requesting that they file an application for a commercial permit to park their tractor and trailer.

5.     By Notice of Violation dated April 27, 2004, the Zoning Administrator informed Appellees that they were in violation of § 303.5.3[2] of Bakersfield Zoning Bylaws (Bylaws) for "operating a commercial enterprise at an unpermitted facility."  See Attachments to Appellants' Statement of Material Facts, Ex. 2.

6.     Appellees appealed the issuance of the Notice of Violation to the ZBA.  A special hearing was held before the ZBA on June 16, 2004, to address Appellees' appeal.  At the hearing, the ZBA took testimony from the Zoning Administrator, Appellants, Appellees, and other concerned neighbors.  The Zoning Administrator stated that the Notice of Violation was issued for the idling of Appellees' tractor and the trailer's refrigeration unit, and housing goods for resale, apparently believing that such activity required a commercial permit.  See

---

[1]  The Court is uncertain of the specific facts relating to the Appellees' tractor trailer, as both parties have chosen to rely on documentation from the DRB proceedings.  Neither party has filed affidavits in support of their position on Appellants' Motion for Summary Judgment.

[2]  The Zoning Administrator initially referenced the incorrect zoning district (§ 303.6 – Rural zoning district).  This error was later remedied to reflect the proper zoning district in question (§ 303.5 – Low Density zoning district).

Attachments to Appellants' Statement of Material Facts, Ex. 3.    At the close of the hearing, the ZBA recessed and went into a deliberative session.

7.    The ZBA issued a "Resolution of Appeal Request," dated June 19, 2004, reversing the Zoning Administrator's decision to issue the Notice of Violation.  See Attachments to Appellants' Statement of Material Facts, Ex. 4.    The ZBA specifically found that neither the Town nor the State required a permit to park a commercial vehicle in a residential driveway, that the completed garage would house the "truck," and that such a use constituted a home occupation, which did not require a zoning permit.  Id.

8.    Appellants Philippe and Kristine Trotin timely appealed from the ZBA's decision, and filed a Statement of Questions.

### Discussion

Appellants moved for summary judgment on Questions 1 and 2 of the Statement of Questions, and a third related issue.  The first issue presented is whether Appellees' use of their property to park their tractor trailer is a permitted use.  The second issue is whether a home occupation requires a zoning permit.  The third issue is whether the parking at a residential property of a tractor or commercial trailer (with separate diesel engine for a refrigeration unit) constitutes a home occupation.  We address these issues in turn.

It is well established in Vermont that "[t]o prevail on a motion for summary judgment, the moving party must satisfy a stringent two-part test: first, there must be no genuine issues of material fact between the parties, and second, the moving party must be entitled to judgment as a matter of law." Wesco, Inc., v. Hay-Now, Inc., 159 Vt. 23, 26–27 (1992).

The first issue presented for summary judgment is whether Appellees' use of their property to park their tractor or trailer is a permitted use.  We must begin our analysis by reviewing the existing permits for the subject property.  As noted above, in March of 2003,

Appellees applied for and received a permit to add an accessory structure—a garage—to the pre-existing residence and to use the accessory structure "for [a] truck and workshop." No mention in that permit application is made of the storage of a tractor or trailer, either belonging to the property owner or his business vendors; the record shows no evidence of an amendment to this permit being applied for or received. Thus, the zoning limits for this property are defined as a single family residence, with an accessory garage to be used for a workshop and truck storage.

Single family residences and accessory uses are the only permitted uses in the Low Density Residential zoning district. Bylaws § 303.5.3. Accessory uses are defined as "[a] use . . . that is incidental and subordinate to the principal use." Bylaws § 802. Accessory uses not previously permitted require that a permit application be filed and approved by the Zoning Administrator for the requested accessory use. Bylaws § 302.1. Conditional uses for this zoning district may only be allowed "after appeal for conditional use review and approval by the [ZBA] after public hearing." Id. No such application has been made here, so our analysis need not include the question of whether Appellees' use of their property could be regarded as a conditional use.

In the present case, Appellees' residence is the principal use of the property. The accessory use of property to park a tractor or trailer used by the owners for the transportation of goods in exchange for payments does not appear to be authorized by the permits issued for the subject property. If Appellees are not authorized to conduct the complained-of use on their property by either the applicable permit or by a general provision of the Bylaws, declaring that such use does not require a permit, then Appellees are at risk of being found in violation of the Bylaws. Such is the case here.

The second issue is whether the Bylaws require a permit for the establishment of a home occupation. The subsequent related question is whether Appellees' use of their property can be regarded as a "home occupation" under these Bylaws. We take these questions in turn.

Pursuant to the Bylaws, a building permit is required "to substantially change or expand the use of land." Bylaws § 202.1.2. A home occupation is defined as "[a]n occupation carried on in a principal, or accessory, residential structure, that is customarily incidental and secondary to the use of the premises for dwelling purposes, and which does not substantially alter the character of the dwelling, or the neighborhood." Bylaws § 824. Because the definition of a home occupation requires that it not "substantially alter the character of the dwelling, or the neighborhood," the establishment of a home occupation would not "substantially change . . . the use of land." See Bylaws § 202.1.2. When the characteristics for a home occupation in Bakersfield are met, the property owner is not required to obtain a permit for such use.

So we now turn to the question of whether Appellees' use of their property can be characterized as a home occupation. This Court previously agreed that the resolution of this issue may require an evidentiary hearing. Nonetheless, Appellants argue that summary judgment is appropriate and should be granted in their favor on this issue because Appellees allegedly park their tractor trailer in their driveway.[3][3]

Appellants argue that because Appellees allegedly park their tractor and trailer in their driveway, and not wholly within an accessory or principal structure of their dwelling, that summary judgment is appropriate and should be granted in Appellants' favor on this issue.

In their "Second Memorandum of Law in Opposition to Appellants' Motion for Summary Judgment" (filed with the Court on March 8, 2005), Appellees dispute Appellants' allegation that

---

[3][3] Appellants submitted no affidavits or other substantiating evidence for the allegation that Appellees park their trailer in their driveway as opposed to the 30´ by 80´ garage. Appellees also chose to not file an Affidavit to substantiate their claim that the tractor and trailer are parked inside their garage.

they park their tractor and trailer in their driveway. Appellees maintain that they park their tractor and trailer in their 30´ by 80´ garage.

We conclude that because this fact is material to the determination of whether Appellees' use of their property constitutes a home occupation, and is in dispute, summary judgment is not appropriate on this issue.

For the parties' guidance, we now note that, should the evidence presented at the merits hearing lead this Court to conclude that the tractor or trailer is parked outside, such a finding would result in the Court determining that the Zoning Administrator's initial determination of a zoning violation should be upheld. Stated differently, we hold, as a matter of law, that the parking of Appellees' tractor(s) or trailer(s) in Appellees' yard or driveway, or permitting either to have their engines idling in the yard or driveway of an extended period of time, would not constitute a "home occupation" as contemplated by the Bakersfield Zoning Bylaws

Such use of residential property would not be "incidental" to its primary use—residential—and would not, in this Court's estimation, fall within the "exterior manifestation" of a permitted home occupation, as allowed by our Supreme Court in In Re Appeal of Herrick, 170 Vt. 549, 552 (1999).

Thus, due to the remaining disputed fact of where Appellees store or park the tractor(s) or trailer(s) on their property, we must **DENY** Appellants' Motion for Summary Judgment. This matter shall be set for a merits hearing pursuant to a Notice of Hearing to be issued by the Court Manager.


Done at Berlin, Vermont, this 30th day of June, 2005

_____
Thomas S. Durkin, Environmental Judge