# Chittenden Trust Company v. Clement J. Bianchi and United Jersey Bank

[530 A.2d 569]

No. 86-085

Present: **Hill, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed May 22, 1987

*Herbert G. Ogden, Jr.,* of *Smith Harlow Liccardi & Crawford,* Rutland, for Plaintiff-Appellee.

*William D. Cohen* of *Miller, Norton & Cleary,* Rutland, for Defendant-Appellant.

**Hill, J.** This is an interlocutory appeal under V.R.A.P. 5(b) from a superior court decision denying defendant United Jersey Bank's (Jersey) motion to dismiss for lack of personal jurisdiction. We affirm.

Jersey, a foreign banking corporation not registered to do business in Vermont, is the trustee of an inter vivos trust with defendant Bianchi, a Vermont resident, named as beneficiary. As part of a 1980 loan transaction between plaintiff's predecessor in

interest, the Rutland Savings Bank (Bank), and defendant Bianchi, Jersey agreed to forward Bianchi's trust income payments to Vermont so that they could be applied against Bianchi's indebtedness to the Bank. When the underlying note went into default in 1984, the plaintiff brought suit against Bianchi and Jersey. In its claim against Jersey, plaintiff alleged breach of contractual and fiduciary duties arising out of Jersey's termination of trust income payments to plaintiff, which Jersey had carried out at the direction of Bianchi. Prior to trial, Jersey moved to dismiss, arguing that its participation in the transactions that gave rise to the litigation did not bring it within the jurisdiction of Vermont courts under 12 V.S.A. § 855.

■ Vermont's long-arm statute, 12 V.S.A. § 855, "expresses a policy to assert jurisdiction over foreign corporations to the full extent permitted by the Due Process Clause of the Fourteenth Amendment." *Bard Building Supply Co.* v. *United Foam Corp.*, 137 Vt. 125, 127, 400 A.2d 1023, 1024 (1979). The jurisdictional issue herein is therefore one of federal constitutional law, and the validity of the service depends on whether the defendant has "certain minimum contacts with [Vermont] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940)).

■ Two important factors lead us to the conclusion that such contacts are present here. First, the agreement by Jersey to forward Bianchi's trust income payments to the Vermont lender was critical to the consummation of the ultimate loan transaction. The record is clear that Jersey was aware at the time it executed the agreement that the trust income payments it was agreeing to send to Vermont were to be applied against Bianchi's indebtedness to the Vermont lender. Thus, Jersey took a knowing and active role in the realization of a substantial Vermont loan transaction, putting it on notice of the possibility of being hailed into a Vermont court if the transaction were to be the subject of litigation in the future. See *Van Schaack & Co.* v. *District Court*, 189 Colo. 145, 147, 538 P.2d 425, 426 (1975) (Colorado court had jurisdiction over Kansas bank which issued letter of credit that was integral aspect of Colorado real estate transaction.).

Second, Jersey's course of conduct under its agreement demonstrated a more extensive connection with Vermont than a single

business transaction that has supported personal jurisdiction in other cases. See *McGee* v. *International Life Insurance Co.*, 355 U.S. 220, 223-24 (1957). Jersey made periodic trust income payments to the Vermont lender over a period of several years, and it was not until it terminated these payments at the direction of Bianchi that the lender declared the note in default. This continuous course of conduct is precisely the sort of "intentional and affirmative action" by a nonresident defendant that we have held is the key to personal jurisdiction under § 855. *Bard*, 137 Vt. at 129, 400 A.2d at 1025; *O'Brien* v. *Comstock Foods, Inc.*, 123 Vt. 461, 464, 194 A.2d 568, 570 (1963). Accordingly, the required minimum contacts for jurisdiction to support an in personam judgment in Vermont are present.

*Affirmed.*