Matthew J. O'BRIEN, Plaintiff,

v.

OKEMO MOUNTAIN, INC., d/b/a/ Okemo Mountain Resort, Defendant.

Civil Action No. 3–97–CV–00091 (JCH).

United States District Court,
D. Connecticut.

July 21, 1998.

---

Joseph Bree Burns, Rome McGuigan Sabanosh, Hartford, CT, for Plaintiff.

Kathleen Anne St. Onge, Halloran & Sage, Mark B. Seiger, Edwards & Angell, Hartford, CT, for Defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S MOTION TO TRANSFER VENUE

HALL, District Judge.

Invoking this court's diversity jurisdiction, Matthew O'Brien, a Connecticut resident, brings this negligence action against Okemo Mountain, Inc. ("Okemo") for injuries he suffered at Okemo's ski facility in Ludlow, Vermont, on January 15, 1996. Okemo now moves to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), or in the alternative, to transfer this case to the District of Vermont pursuant to 28 U.S.C. § 1404(a). The court finds that this court has personal jurisdiction over the defendant and that transfer of venue to Vermont is not warranted.

### I. BACKGROUND

Okemo Mountain is a ski facility owned and operated by Okemo, a Vermont corporation with its principal place of business in Ludlow, Vermont. Complaint ("Cmpl.") ¶ 2. On January 15, 1996, O'Brien, a Connecticut resident, was an invitee on Okemo Mountain. Compl. ¶ 5. As O'Brien was skiing on a designated ski trail, he "ran into and struck a metal pipe protruding up and into the open and designated ski trail ... causing serious bodily injury." Compl. ¶ 6.

### II. MOTION TO DISMISS

■ The defendant moves to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the basis that this court does not have personal jurisdiction over the defendant. A district court has "broad discretion" in deciding how to proceed with a motion to dismiss for lack of personal jurisdiction, including conducting an evidentiary hearing. *See CutCo Indus. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986). The plaintiff ultimately bears the burden of establishing, either at an evidentiary hearing or at trial, that the court has personal jurisdiction over the defendants. *See Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566–67 (2d Cir.), *cert. denied*, —

U.S. ——, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996). Where, as here, the issue is addressed on affidavits without the benefit of an evidentiary hearing,[1] the plaintiff need only make a prima facie showing of personal jurisdiction—i.e., "an averment of facts that, if credited ..., would suffice to establish jurisdiction over the defendant." *Id.* at 567. Allegations in the pleadings and affidavits "are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

■ A federal court sitting in diversity applies the law of the forum state to determine personal jurisdiction over a defendant. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997); *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir.1996). If the state's long-arm statute authorizes personal jurisdiction over the defendant, the court must then determine whether exercise of such jurisdiction would comport with the requirements of due process under the federal Constitution. *Bensusan*, 126 F.3d at 27; *Metropolitan Life*, 84 F.3d at 567.

Connecticut's long arm statute relating to out-of-state corporations provides, in pertinent part, as follows:

> Every foreign corporation shall be subject to suit in this state ... whether or not such corporation is transacting ... in this state ... on any cause of action arising ... (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state ...

Conn. Gen.Stat. § 33–929(e).

■ The plaintiff alleges, in the second paragraph of his complaint, that "at all times mentioned herein, [the defendant] was regularly engaged in the solicitation of business through, *inter alia*, print and media advertisement in the state of Connecticut."

---

1. The defendant requested oral argument on its motion, but did not request to present testimony at a hearing. *See* Local Rules of Civil Procedure 9(a).

Compl. ¶ 2. The plaintiff has also submitted the written representation of defense counsel that Okemo "repeatedly solicits business of customers and/or residents of the State of Connecticut, in the State of Connecticut." *See* Doc. # 9, Exh. # 2. In his affidavit, the plaintiff declares that he "learned of Okemo through newspaper accounts, word-of-mouth, billboards in Connecticut and radio advertising from Connecticut-based radio stations broadcasting in Connecticut". *See* Doc. # 9, Exh. # 3, ¶ 9.

These allegations, coupled with the defendant's acknowledgment of repeated business solicitation, is a sufficient showing, at this early stage of litigation, that the defendant worked to solicit business repeatedly from customers in Connecticut, so as to subject it to suit under Conn. Gen.Stat. § 33–929(e)(2). *See, e.g., Pavia v. Club Med, Inc.*, 1998 WL 229912 (D.Conn.1998) (advertising via brochures sent to Connecticut travel agents and plaintiff's allegation of solicitation satisfies "repeated solicitation" requirement of Connecticut long-arm statute); *McFaddin v. Nat'l Executive Search, Inc.*, 354 F.Supp. 1166, 1169 (D.Conn.1973) (placing at least six franchise ads over a six-month period in a newspaper whose circulation clearly includes Connecticut satisfies "repeated solicitation" requirement).

Contrary to the defendant's assertion, the long-arm statute "does not entirely preclude the exercise of 'general' jurisdiction and [ ] the phrase 'arising out of' in the statute ... does not require a causal connection between the defendant's forum-oriented activities and the plaintiff's lawsuit." *Thomason v. Chemical Bank*, 234 Conn. 281, 290, 661 A.2d 595, 601 (1995). In *Thomason*, the court determined that § 33–411(c)(2), which contains the same "arising out of" requirement as § 33–929(e)(2), does not entail the causal connection required for specific jurisdiction in the federal context because "the statute does not demand proof that a particular plaintiff's business was solicited in Connecticut." *Id.*, 296, 661 A.2d 595. However, since the statute requires proof "that a particular cause of action is similar to a cause of action that could have been brought here by a person whose business the defendant did solicit, the

statute is more restrictive than the federal test for general jurisdiction, under which this state could have elected to exercise jurisdiction over causes of action wholly unrelated to the defendant's conduct in this forum." *Id.*, 296–97, 661 A.2d 595. The *Thomason* court concluded that "[f] or purposes of § 33–411(c)(2), a plaintiff's 'cause of action aris[es]... out of... business in this state' if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs." *Id.*, 296, 661 A.2d 595. "A plaintiff need only demonstrate that the defendant could reasonably have anticipated being haled into court here by some person who had been solicited in Connecticut and that the plaintiff's cause of action is not materially different from an action that might result from that solicitation." *Id.*

Applying this standard to the facts in this case, the defendant could reasonably foresee that Connecticut residents would respond to its various advertisements by skiing at its facility and, if harmed by the defendant's negligence, suing the defendant in Connecticut. First, the defendant's decision to include a forum selection clause on the ski ticket strongly suggests that the defendant did anticipate the possibility of being haled into court in jurisdictions where it solicited business. The defendant's suggestion that the clause rendered this possibility remote depends on the dubious assumption that a court outside of Vermont (i.e. outside the jurisdiction named on the ticket) would find the selection clause valid and enforceable. See discussion, *infra*, at Part III, p. 8–12. Second, the exercise of personal jurisdiction over the defendant by federal courts in Connecticut in previous actions similar to the instant case reinforces the reasonable foreseeability that the defendant would be haled into court in Connecticut. *See Akin v. Okemo Mountain, Inc.*, Civ. No. H–90–908 (AHN) (D.Conn.1991); *Sklar v. Okemo Mountain, Inc.*, 2:92CV690 (PCD) (D.Conn. 1993). Therefore, the plaintiff's cause of action "arises out" of business solicited in Connecticut as required under § 33–929(e)(2).

The exercise of personal jurisdiction under a state long-arm statute comports with constitutional due process only if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citation and internal quotation marks omitted); accord ·*Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The exercise of personal jurisdiction requires " 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). In light of the showing of repeated business solicitation, as discussed, *supra*, the court finds that the plaintiff has made a prima facie ·showing that defendant's "conduct and connection with the forum State are such that [the defendant] should reasonably [have anticipated] being haled into court there," *Burger King Corp.*, 471 U.S. at 474, 105 S.Ct. at 2183 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). The assumption of jurisdiction in this case pursuant to Conn. Gen.Stat. § 33–929(e)(2) does not violate the Due Process Clause.[2]

Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is DENIED without prejudice to renewal at the close of discovery on jurisdictional issues.

### III. MOTION TO TRANSFER VENUE

■ The defendant seeks the transfer of this action to the District of Vermont. Venue transfer is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that there should be a change of forum. *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1271 (S.D.N.Y.1995) (citing *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978)). The decision whether to transfer a case pursuant to § 1404(a) lies with the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

■ The back of the ski lift ticket that O'Brien purchased from Okemo contains the following forum selection clause:

> I agree that any claim upon which I may at any time bring for any reason against Okemo Mountain, Inc., . . . shall be brought ONLY in the Federal or State courts in the State of Vermont and not in any other jurisdiction.

The defendant insists that the clause is valid and requests that this court enforce it by transferring the case to the District of Vermont. The plaintiff contends that the clause has no legal effect because the defendant failed to communicate its existence to him when he purchased the ticket.

■ In diversity cases, the Second Circuit has held that federal common law applies in determining the enforceability of forum selection clauses. *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (holding that questions of venue and enforcement of forum selection clauses in diversity cases are essentially procedural, rather than substantive, in nature and subject to federal standards); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

---

**2.** Apparently in support of its motion to dismiss under Rule 12(b)(2), the defendant argues that the forum selection clause printed on the lift ticket deprives this court of "jurisdiction over this lawsuit." Defendant seems to suggest that this clause, discussed *infra* Part III, strips this court of jurisdiction that, but for the clause, it would otherwise have. This suggestion has no merit. As the Second Circuit recently reiterated, "we have long recognized that parties have no power by private contract to oust a federal court of jurisdiction otherwise obtaining." *New Moon Shipping Company v. Man B & W Diesel*, 121 F.3d 24, 28 (2d Cir.1997).

To the extent that defendant's motion can be construed as a request for dismissal based upon a valid forum selection clause, the request is denied based on the court's finding that the forum selection clause was not effectively communicated to the plaintiff. *See infra* Part III.

22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (holding that the validity of motion for a change of venue under 28 U.S.C. § 1404(a) to forum designated in the parties' forum selection clause should be treated as federal issue). Although not dispositive, *id.* at 31, 108 S.Ct. 2239, "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus [in deciding whether to transfer]." *Id.* at 29, 108 S.Ct. 2239.

In *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court announced that forum-selection clauses are "prima facie valid." In *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the Court expanded the presumption of validity to include forum selection clauses in adhesion contracts. In that case, the clause was printed on a cruise passenger ticket, which required the plaintiff, a Washington resident, to bring suit in Florida. Emphasizing the plaintiff's failure to claim lack of notice of the forum-selection clause and the Court's determination that Florida was not a "remote alien forum," the Court held that *Bremen* was controlling and that the clause was enforceable. 499 U.S. at 593, 111 S.Ct. at 1527. Importantly, the Court noted "because respondents do not claim lack of notice of the forum clause, ... they have not satisfied the 'heavy burden of proof,' ... required to set aside the clause on the grounds of inconvenience." *Id.* at 595, 111 S.Ct. at 1528.

■ As a threshold matter, the validity of a forum selection clause in an adhesion contract depends on whether the existence of the clause was reasonably communicated to the plaintiff. *See Carnival Cruise,* 499 U.S. at 595, 111 S.Ct. 1522; *Effron v. Sun Line Cruises, Inc.,* 67 F.3d 7, 9 (2d Cir.1995) (" [t]he legal effect of a forum selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff"). "[T]he issue of reasonable notice is a question of law." *Effron* at 9. This court finds that the existence of the forum selection clause on the ski ticket was not reasonably communicated to the plaintiff and so declines to transfer venue to the District of Vermont on the basis of the clause.

The clause, placed near the bottom of the backside of the ticket, is written in very small typeface with only a single word capitalized. The front of the ticket contains no instruction to read its back. These features, coupled with the affixing of the ticket on a wicket on the skier's jacket, easily distinguish it from clauses contained in passenger cruise tickets and approved by courts in this Circuit as providing adequate notice. For example, in *Effron,* the Second Circuit found that the forum selection clause had been reasonably communicated to the plaintiff where the words "IMPORTANT NOTICE —— READ BEFORE ACCEPTING," appeared in bold letters above a paragraph that called attention to the selection clause. 67 F.3d at 8. *See also Silvestri v. Italia Societa Per Azioni Di Navigazione,* 388 F.2d 11, 14, 17 (2d Cir.1968) (insufficient notice found where statement "Subject to the conditions printed on the cover of this ticket which form part of this contract" was printed on ticket cover in an inconspicuous location); *Melnik v. Cunard Line Ltd.,* 875 F.Supp. 103, 107 (N.D.N.Y.1994) (sufficient notice where passenger ticket labeled "Passenger Ticket & Passage Contract" in large capital letters on face and bottom center of the ticket cover contains this instruction in capital letters in legible type: "IMPORTANT PLEASE READ FOLLOWING TERMS OF PASSAGE CONTRACT"); *Cooper v. Carnival Cruise Lines,* 1992 WL 137012 at *2 (S.D.N.Y.1992) (notice sufficient where the ticket's face contained the message "SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES 1, 2, 3" and its second page stated that the ticket was a legally binding contract).

■ In addition to the forum selection clause, other factors a court should consider in exercising its discretion to transfer venue pursuant to 28 U.S.C. § 1404(a) are: (1) the location of the events giving rise to the suit, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access of proof, (5) the availability of process for unwilling witnesses, (6) plaintiff's choice of forum, (7) a forum's familiarity with

the governing law, (8) trial efficiency, and (9) the interest of justice. *Mednet, MPC Corp. v. Spectera*, 1997 WL 205764, *2 (D.Conn.) (citing *800–Flowers Inc. v. Intercontinental Florist*, 860 F.Supp. 128, 133 (S.D.N.Y.1994)); *Ramada Franchise Systems, Inc. v. Cusack Development, Inc.*, 1997 WL 304885, *3 (S.D.N.Y.1997).

Defendant has not met its burden of showing that the relevant factors strongly favor transfer to Vermont. The defendant describes the "burden on the defendant" of maintaining this action in Connecticut. In the discussion, the defendant mentions the inconvenience to the defendant and its witnesses of traveling to Connecticut. The defendant also points out that its records and offices are located in Vermont and that most of the significant events occurred in Vermont. However, Okemo does not explain why its inconvenience in traveling to Connecticut outweighs the plaintiff's inconvenience in maintaining this action in Vermont. (Plaintiff claims that the "majority of his anticipated witnesses" reside in Connecticut.) Moreover, it does not appear, and defendant does not allege, that the fact finder will need to travel to the site of the accident in order to assess the plaintiff's negligence claim.

Defendant also asserts that Connecticut has no interest in this dispute, citing *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560 (2nd Cir.1996). However, the *Metropolitan* court distinguished its case from those, like the instant one, in which a "forum state has an arguable interest in providing redress to its own citizens for injuries occurring outside its jurisdiction, . . .". *Id.* at 574.

In light of the fact that the plaintiff chose this forum and the defendant has offered no compelling reason to transfer this case, the defendant's motion to transfer venue to the District of Vermont is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Okemo's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)(doc. # 4–1) is DENIED without prejudice and its motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (doc.# 4–2) is DENIED.

SO ORDERED.