Elaine D. MALLON, Plaintiff,

v.

WALT DISNEY WORLD CO., Lake
Buena Vista Communities,
Inc., Defendants.

No. 3:97 CV01320(RNC).

United States District Court,
D. Connecticut.

Sept. 18, 1998.

Order Adhering to Ruling on Grant of
Reconsideration Dec. 7, 1998.

William P. Yelenak, Moore, O'Brien, Jacques & Yelenak, Cheshire, CT, for plaintiff.

S. Dave Vatti, Zeldes, Needle & Cooper, Bridgeport, CT, for defendants.

## RULING AND ORDER

CHATIGNY, District Judge.

Plaintiff, a citizen of Connecticut, brought this action in state court against defendants, two foreign corporations, to recover damages for personal injuries she sustained when she fell while vacationing at defendants' resort in Orlando, Florida. Defendants removed the case to this court and seek dismissal of the action for lack of personal jurisdiction. Plaintiff has carried her burden of showing that defendants' advertising activities in Connecticut provide a sufficient basis for long-arm jurisdiction under Conn.Gen.Stat. § 33–929(f) and that requiring them to defend the action in this forum does not violate due process. Accordingly, the motion is denied.

For purposes of this Rule 12(b)(2) motion, plaintiff's averments of jurisdictional facts are accepted as true, *see Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996), and all factual disputes are resolved in her favor. *See Tomra of North America v. Environmental Prod. Corp.*, 4 F.Supp. 2d 90, 91–92 (D.Conn.1998).

Plaintiff alleges that since 1995 defendants have solicited Connecticut residents to travel to their Florida resort by placing ads in print and broadcast media. Crediting plaintiff's affidavit, she saw advertisements for Walt Disney World in The Hartford Courant and on local television for several years before her vacation in 1996. Plaintiff also alleges that defendants held a promotional event in Hartford and New Haven in 1997.

Plaintiff's allegations regarding defendants' advertising activities appear to be well-founded. Defendants' motion papers and discovery responses acknowledge that since 1995 they have been advertising in broadcast and print media with national and regional circulation pursuant to an oral agreement with Walt Disney Attractions, Inc.

Conn.Gen.Stat. § 33–929(f) provides:

[e]very foreign corporation shall be subject to suit in this state, by a resident of this state ... whether or not such foreign corporation is transacting or has transacted business in this state ... on any cause of action arising ... out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state.

The Connecticut Supreme Court has held that the requirements of this statute are satisfied if, "at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiff." *Thomason v. Chemical Bank*, 234 Conn. 281, 296, 661 A.2d 595 (1995).

■ Defendants' advertising activity in Connecticut is sufficient to satisfy the requirements of § 33–929(f). *See McFaddin v. National Executive Search, Inc.*, 354 F.Supp. 1166, 1169 (D.Conn.1973) (holding that Connecticut long-arm statute's repeated solicitation requirement was satisfied by running advertisements in the Wall Street Journal approximately once per month for four months and on at least two other occasions in other newspapers whose circulation clearly included Connecticut); *see also Hagar v. Zaidman*, 797 F.Supp. 132, 136 (D.Conn.1992); *cf. O'Brien v. Okemo Mountain, Inc.*, 17 F.Supp.2d 98, 101 (D.Conn.1998); *Conlin v. Rocking Horse Ranch Corp.*, No. H–89–473 (AHN), 1990 WL 484230, at *2–3 (D.Conn. Apr.19, 1990); *Abrams v. Riding High Dude*

*Ranch,* No. CV 970345046, 1997 WL 791491, at *4 (Conn.Super. Nov.21, 1997).[1]

■ Turning to the due process issue, the familiar two-step inquiry requires consideration of (1) minimum contacts and (2) fair play and substantial justice. *See Metropolitan Life Ins. Co.,* 84 F.3d at 567. Plaintiff's forum-related contacts are sufficient to support specific jurisdiction because defendants have "purposefully directed [their] activities at residents of [Connecticut] ... and the litigation [has] result[ed] from alleged injuries that 'arise out of or relate to' those activities...." *Abrams,* 1997 WL 791491, at *2; *see also O'Brien,* 17 F.Supp.2d 98 at 101–02; *Conlin,* 1990 WL 484230, at *2. Defendants, acting through their agent, "deliberately reached out" to attract Connecticut residents to their resort. *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 32 (2d Cir.1996) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479–80, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In doing so, they could reasonably expect to be haled into court here in connection with claims for personal injuries sustained by Connecticut residents while visiting the resort. *See Conlin,* 1990 WL 484230, at *2.

■ In determining whether personal jurisdiction comports with "traditional notions of fair play and substantial justice, the Second Circuit considers the *Asahi* factors:

(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy;

and (5) the shared interest of the states in furthering substantive social policies." *Metropolitan Life Ins. Co.,* 84 F.3d at 568.

Defendants have not shown that requiring them to defend this suit in Connecticut imposes an onerous or unreasonable burden. The "conveniences of modern communication and transportation" being what they are, *id.* at 574, this factor weighs only slightly in favor of defendants. Plaintiff has a strong preference for this forum and Connecticut has an interest in providing a forum to its citizens who seek redress for injuries arising from occurrences in other states. *See O'Brien,* 17 F.Supp.2d at 104; *see also Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir.1995). The case might be more efficiently tried in Florida, where the accident occurred, but this appears to be a relatively straightforward case that can be resolved here without undue difficulty, delay or expense. Defendants have identified no policy considerations that would justify an order requiring plaintiff to bring the action in their home forum.

The Supreme Court has admonished that once minimum contacts are established, "dismissals resulting from the application of the reasonableness test [*Asahi* factors] should be few and far between." *Metropolitan Life Ins. Co.,* 84 F.3d at 575. Here, it cannot be said that the balance of the *Asahi* factors tips decidedly in favor of dismissal.

A defendant that systematically solicits Connecticut residents to travel to its Florida resort should expect to be amenable to suit in Connecticut under § 33–929(f). Due process may protect such a defendant against having to defend itself in Connecticut if the "defendant presents a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " *Id.* at 568 (quoting *Burger*

---

1. It is possible for a defendant to advertise too infrequently to satisfy the requirements of Connecticut's long-arm statute. *See Lombard Brothers, Inc. v. General Asset Management Co.,* 190 Conn. 245, 248, 460 A.2d 481 (1983)

(placing two advertisements in the New York Times and Wall Street Journal did not constitute "repeated solicitation of business" within the meaning of Connecticut's long-arm statutes).

*King,* 471 U.S. at 477, 105 S.Ct. 2174). In this case, defendants have not made that showing.

Accordingly, defendants' motion to dismiss is denied.

So ordered.

## ENDORSEMENT RULING

The motion for reconsideration (doc. #36) of defendants' motion to dismiss is granted. On reconsideration, the Court adheres to its prior ruling and order.

 The Connecticut long-arm statute, Conn.Gen.Stat. § 33–929(f), as construed by the Connecticut Supreme Court, "does not require that the cause of action and the [defendants'] contacts [with this state] be causally connected." *Thomason v. Chemical Bank,* 234 Conn. 281, 292, 661 A.2d 595 (1995). However, under the Due Process Clause, "specific jurisdiction may not be exercised without some causal connection between the defendant's contacts with the forum and the existence of the plaintiff's lawsuit." *Id.* at 289, 661 A.2d 595; *see also O'Brien v. Okemo Mountain,* 17 F.Supp.2d 98, 101 (D.Conn.1998). The degree of causal connection that will suffice is not well-settled. *See Chew v. Dietrich,* 143 F.3d 24, 29 (2d Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 373, 142 L.Ed.2d 308, 1998 WL 540925 (Oct. 19, 1998).

Defendants favor a "substantial nexus" test, which has been discussed by the Second Circuit in cases applying New York's long-arm statute, *see Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 30 (2d Cir.1996); *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 60 (2d Cir.1985), which "sets a higher threshold for minimum contacts than is constitutionally required." *See Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.,* 956 F.Supp. 427, 439 & n. 18 (S.D.N.Y.1996). Decisions rendered by other courts on the due process issue appear to have created a split: the First and Eighth Circuits have held that a defendant is not subject to the jurisdiction of a state unless the defendant's conduct within the state was a proximate cause of the plaintiff's injury; the Sixth, Seventh and Ninth Circuits have held that a state may exercise jurisdiction over a defendant if the defendant's conduct within the state was a but for cause of the plaintiff's injury. *See Chew,* 143 F.3d at 28 (summarizing circuit split); *Nowak v. Tak How Investments,* 94 F.3d 708, 715–15 (1st Cir.1996) (discussing circuit split), *cert. denied,* 520 U.S. 1155, 117 S.Ct. 1333, 137 L.Ed.2d 493 (1997).

In *Chew,* the Second Circuit stated that "the relatedness test is but a part of a general inquiry which is designed to determine whether the exercise of personal jurisdiction in a particular case does or does not offend 'traditional notions of fair play and substantial justice.'" 143 F.3d at 29, quoting *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154. The Court then described the requisite causal connection as follows:

> Where the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiff's injury was proximately caused by those contacts. Where the defendant's contacts with the jurisdiction that relate to the cause of action are more substantial, however, it is not unreasonable to say that the defendant is subject to personal jurisdiction even though the acts within the state are not the proximate cause of the plaintiff's injury.

*Chew,* 143 F.3d at 28 (internal citations omitted).

Some guidance regarding the Second Circuit's distinction between "limited" contacts and "more substantial" contacts is available. *Gelfand v. Tanner Motor Tours, Ltd.,* 339 F.2d 317, 321–22 (2d Cir. 1964), was cited in *Chew* as an example of "limited contacts" that would give rise to a proximate cause requirement. *See Chew,* 143 F.3d at 28. In *Gelfand,* the contact at issue was a one-time purchase of bus tickets in the forum state by a couple whose

bus tour ended in an out-of-state accident. *See Gelfand,* 339 F.2d at 318. In *Chew,* the Court did not apply a proximate cause test, presumably because the defendant's contacts with the forum were more substantial. In *Chew,* the defendant entered his yacht in a Newport to Bermuda race and made it known to people in Rhode Island that he was looking for crew members. The plaintiff's decedent joined the crew and was lost on the return voyage. The Court held that the substantial relationship between the defendant's contacts with Rhode Island and Chew's death was more than sufficient to sustain personal jurisdiction over the defendant. *Accord, Nowak,* 94 F.3d at 715 (personal jurisdiction existed under Due Process Clause when hotel repeatedly solicited company's employees to stay at hotel, wife of company employee drowned in pool and hotel could foresee that company employees would use pool).

In this case, it is undisputed that since 1995 defendants have solicited Connecticut residents to travel to their Florida resort. Defendants' repeated, purposeful activity is closer to the solicitation in *Chew* and *Nowak* than the one-time ticket purchase in *Gelfand.* Defendants emphasize that they did not have direct contact with the plaintiff in Connecticut. However, given the repeated, purposeful nature of defendants' contacts with this forum, and the relationship between those contacts and the plaintiff's cause of action, the fact that defendants did not have direct contact with the plaintiff in Connecticut does not change the outcome of the due process analysis. Through their advertising campaign, defendants' "deliberately reached out" to attract Connecticut residents to their resort. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479–80, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Having done so, they could reasonably anticipate being "haled into court" here in the event a Connecticut resident was injured while visiting the resort. *See Chew,* 143 F.3d at 30. Accordingly, in the absence of any facts and circumstances that would make the

exercise of personal jurisdiction over the defendants unreasonable, requiring the defendants to defend the suit in this forum does not violate due process.

So ordered.