## Keith E. BROWN, d/b/a Precision Crane Service v. CAL DYKSTRA EQUIPMENT COMPANY, INC.

[740 A.2d 793]

No. 98-425

August 24, 1999. This is an interlocutory appeal, pursuant to V.R.A.P. 5(b)(1), of the superior court's decision to deny the motion of defendant, Cal Dykstra Equipment Co., to dismiss for lack of personal jurisdiction. Plaintiff Keith E. Brown, d/b/a Precision Crane Service, a Vermont resident, brought suit against defendant, a Wisconsin corporation, for fraud stemming from the sale of a crane. Defendant moved to dismiss, arguing that its contacts with Vermont were insufficient to allow jurisdiction over it in Vermont courts. The superior court ruled that defendant's contacts were sufficient to support personal jurisdiction consistent with federal due process requirements. We affirm.

Defendant sells heavy equipment and advertises in Machinery Trader, a national magazine. Plaintiff, who runs a crane service, saw defendant's Machinery Trader advertisement listing a particular crane for sale and called to purchase it. The crane had been sold, but plaintiff asked defendant to find a crane for him meeting certain specifications. Defendant found a crane, and after examining it in Wisconsin, plaintiff purchased it, taking delivery in New Hampshire because he was working on a job there. The crane did not meet plaintiff's needs and plaintiff sued defendant in Vermont, seeking damages for breach of warranty and misrepresentation.

The issue before us is whether the above facts are sufficient to establish long-arm jurisdiction over defendant in Vermont. Under the pertinent Vermont long-arm statute, Vermont courts have jurisdiction over an out-of-state corporation if it is deemed to be doing business in Vermont and the proceeding arises out of the corporation's contacts with the state. An out-of-state corporation is deemed to be doing business in Vermont if the contact with the state is sufficient to support a Vermont personal judgment against it. See 12 V.S.A. § 855. This statute "reflects a clear policy to assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause." *Northern Aircraft v. Reed,* 154 Vt. 36, 40, 572 A.2d 1382, 1385 (1990). As a result, personal jurisdiction over defendant is appropriate when there are "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Dall v. Kaylor,* 163 Vt. 274, 275, 658 A.2d 78, 79 (1995) (quoting *International Shoe v. Washington,* 326 U.S. 310, 316 (1945)) (internal quotation marks and citation omitted).

The argument in this case comes down to whether our decision in *Dall v. Kaylor* can be distinguished and, if not, whether it should be overruled. We agree with plaintiff that there is no determinative distinction between this case and *Dall.* In *Dall,* the plaintiff responded to a trade magazine advertisement placed by the defendant, a horse breeding farm. The plaintiff traveled to Maryland to view the defendant's horses and eventually purchased one, taking delivery in Vermont. As in this case, the defendant in *Dall* argued that there were insufficient contacts with Vermont. We found jurisdiction because the defendant was in the business of selling horses to a national market, it reached this market through advertisement in a national trade journal, and the sale at issue arose from contact

made as a result of the advertisement. See *id.* at 276-77, 658 A.2d at 80.

Defendant emphasizes certain facts in this case which, it argues, serve to distinguish *Dall.* For example, delivery of the crane in this case occurred in New Hampshire; delivery of the horse in *Dall* occurred in Vermont. The factual differences are, however, unrelated to the *Dall* rationale. All the facts we found determinative in *Dall* are present here.

As a matter of stare decisis, we decline to reexamine *Dall.* The decision is recent and is based, largely, on decisions of the United States Supreme Court that have not been modified or clarified since *Dall* was decided.

Defendant further asserts that the superior court lacks general jurisdiction over him. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) (general jurisdiction over defendant occurs when court exercises personal jurisdiction in suit not arising out of defendant's activities in forum state but instead on sufficient contacts with it). This issue need not be addressed, however, since defendant's activities satisfy due process requirements that permit the court to assert specific personal jurisdiction through 12 V.S.A. § 855, the long-arm statute applicable to specific personal jurisdiction. See *Schwartz v. Frankenhoff*, 169 Vt. 287, 292-93 n.1, 733 A.2d 74, 79 n.1 (1999).

*Affirmed.*