Bartus v. Owl's Nest Lodge, No. 169-3-04 Rdcv  (Norton, J., Nov. 18, 2005)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**　　　　　　　　　　**SUPERIOR COURT**
**RUTLAND COUNTY, SS.**　　　　　　　　　**DOCKET NO. 169-3-04Rdcv**

**LESLEY BARTUS,**
　　　**Plaintiff,**

　　　**v.**

**OWL'S NEST LODGE (1999), INC.,**
　　　**Defendant.**

**ORDER ON CROSS-MOTIONS
FOR PARTIAL SUMMARY JUDGMENT**

This case concerns an accident at a commercial hunting lodge operated by Defendant Owl's Nest Lodge (1999), Inc. in Newfoundland, Canada.  Plaintiff Bartus alleges that he suffered serious injuries on a hunting vacation at Defendant's lodge in May of 2002, when the tree stand he was occupying collapsed, causing him to fall some fifteen feet to the ground.  To Plaintiff's negligence claim, Defendant has asserted the affirmative defense of lack of personal jurisdiction, and both parties have moved for summary judgment on that issue.

**Summary Judgment Standard**

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law.  V.R.C.P. 56(c)(3).  In determining whether a genuine issue of material fact exists, the Court accepts as true

1

allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356, 362-63. The nonmoving party also receives the benefit of all reasonable doubts and inferences. Id. When, as here, both parties move for summary judgment, each is "entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of St. Albans v. Northwest Reg'l Planning Comm'n, 167 Vt. 466, 469 (1998) (quoting Tooley v. Robinson Springs Corp., 163 Vt. 627, 628 (1995)).

## Facts

Because Defendant has failed to file a statement of material facts with its motion, the Court accepts as true the facts set out in Plaintiff's statement. See V.R.C.P. 56(c)(2). Rule 56(c)(2) states the following:

> The opposing party shall include with the affidavits and memorandum filed under paragraph (1) a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party.

Id. See also Gallipo v. City of Rutland, 2005 VT 83, ¶ 26-33, 16 Vt.L.W. 232 (facts deemed admitted where party failed to comply with V.R.C.P. 56(c)(2)). By requiring the parties to support their memoranda with factual assertions, the Court avoids a time-consuming review of the record to determine whether the arguments are supported by facts. Because Defendant has failed to controvert any of the facts alleged in Plaintiff's statement, Defendant is deemed to have admitted those facts for purposes of the present

motions.[1] Portions of a deposition of the Plaintiff and answers to interrogatories are also attached to the motions, and the Court considers facts therein, along with any admissions on file. V.R.C.P. 56(c)(3).

The following facts are set out in Plaintiff's statement of material facts and in a deposition of Plaintiff attached to Defendant's motion. Defendant has advertised hundreds of times in magazines distributed nationally in the United States. Defendant also obtains clients through independently published reviews and by word of mouth. Ninety-five percent of Defendant's clientele comes from the United States. Plaintiff is a nationally published sports writer. He originally learned of Defendant's lodge in 1997 when he read an article on hunting in Newfoundland and contacted a local tourist bureau. Plaintiff booked a hunt, after which a principal of Defendant requested permission to add Plaintiff's name to its reference list. Plaintiff agreed, and thereafter promoted the lodge to prospective clients from his home in Vermont. Some of these callers went on to become clients. In connection with this service, Plaintiff was in frequent telephone and email contact with Defendant. In return for promoting the lodge, Defendant provided Plaintiff with discounted hunting trips, including the one on which he was injured. Plaintiff joined the hunt on which he was injured at the invitation of a third party.

### Personal Jurisdiction

Because Owl's Nest Lodge is a nonresident defendant, it may be sued in a Vermont court only if it is within the reach of Vermont's long arm statute and Vermont's exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This analysis is simplified by the fact that

---

[1] In its cross-motion, Defendant was similarly required, as the moving party, to file a separate statement of material facts. V.R.C.P. 56(c)(2).

3

Vermont's long arm statute confers jurisdiction over foreign corporations "to the full extent permitted by the Due Process Clause." Schwartz v. Frankenhoff, 169 Vt. 287, 292 (1999) (quoting Chittenden Trust Co. v. Bianchi, 148 Vt. 140, 141 (1987). Consequently, the analysis of personal jurisdiction under Vermont's long arm statute collapses into the traditional due process inquiry.

This due process inquiry is a familiar one. Vermont may exercise personal jurisdiction under the Due Process Clause if Defendant has engaged in sufficient "minimum contacts with [Vermont] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). The personal jurisdiction analysis thus consists of two parts: a minimum contacts test and a reasonableness test. Metro. Life Ins. Co. v. Robertson-Ceco Corp. 84 F.3d 560, 567-568 (2d Cir. 1996).

Analysis under the minimum contacts prong of the personal jurisdiction test differs somewhat depending on whether a claim of personal jurisdiction is based on "specific" or "general" jurisdiction.[2] Metropolitan Life, 84 F.3d at 567-568. Because Plaintiff claims jurisdiction under 12 V.S.A. § 855 and not under 12 V.S.A. § 913(b), a separate long arm statute which allows service outside of Vermont, Plaintiff's claim is limited to specific jurisdiction. This is because § 855 does not authorize general jurisdiction over an out-of-state corporation. Schwartz, 169 Vt. at n.1. See also Brown v. Cal Dykstra Equip. Co., Inc., 169 Vt. 636, 637 (1999) (mem.) (noting that § 855 is "the

---

[2] The Court notes that Plaintiff's motion does not distinguish between general and specific personal jurisdiction. Defendant devotes much of its motion to arguing against the exercise of general personal jurisdiction.

4

long-arm statute applicable to specific personal jurisdiction."); Braman v. Mary Hitchcock Mem'l Hosp., 631 F.2d 6, 8-9 (2d Cir. 1980) (contrasting the two statutes).

Because Plaintiff does not allege that Vermont has general personal jurisdiction over Defendant, he need not demonstrate the "continuous and systematic contact" with Vermont that would support the exercise of that type of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall 466 U.S. 408, 414-416, nn. 8-9 (1984). Rather, Plaintiff must rather show a "relationship among the defendant, the forum, and the litigation" sufficiently close to satisfy the specific jurisdiction test. Id. at 414 (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)); Chew v. Dietrich, 143 F.3d 24, 28 (2d Cir. 1998) (same). To establish such a relationship, Plaintiff must demonstrate that the controversy is related to or "arises out of" Defendant's contacts with Vermont, that Defendant "purposely availed" itself of the privilege of doing business in Vermont, and that Defendant could foresee that it might be called upon to defend a lawsuit in Vermont. Chew, 143 F.3d at 28.

With respect to the first test, the degree of relatedness necessary to demonstrate that an out-of-forum injury arises out of a defendant's contacts with the forum is unsettled. The United States Supreme Court has not definitively resolved how closely related an injury must be to satisfy the test. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 104(3d Cir. 2004) (Scirica, J., concurring in part and dissenting in part); Keller v. Henderson, 834 N.E.2d 930, 938-939 (Ill. App. Ct. 2005); Chew v. Dietrich, 143 F.3d 24, 29 (2d Cir. 1998). Nor does it appear that the Vermont Supreme Court has addressed this question, as the personal jurisdiction cases it has decided have generally involved injuries clearly "arising out of" the contacts alleged. See, e.g., Dall v. Kaylor, 163 Vt.

5

274 (1995) (breach of warrantee claim arising out of advertisement); Brown, 169 Vt. 636 (same); Northern Aircraft v. Reed, 154 Vt. 36 (1990) (claim arising out of contract with Vermont company); Havill v. Woodstock Soapstone Co., 172 Vt. 625 (2001) (mem.) (claim arising out of employment contract with New Hampshire company).

Furthermore, the federal circuits are split as to the content of the relatedness test. See Keller v. Henderson, 834 N.E.2d 930, 938-939 (Ill. App. Ct. 2005) (discussing circuit split); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 102 (3d Cir. 2004) (Scirica, J., concurring in part and dissenting in part) (same); Nowak v. Tak How Investments, Ltd., 94 F.3d 708 (1st Cir. 1996) (same). While the First and Eighth Circuits have held that the defendant's contacts with the forum must be the proximate cause of the plaintiff's injury, the Sixth, Seventh and Ninth Circuits have held that the contact need only be a "but for" cause of the injury. See Mallon v. Walt Disney World Co., 42 F.Supp.2d 143, 146 (D.Conn. 1998) (summarizing circuit split). The Second Circuit, meanwhile, has indicated that it would use the proximate cause test where "the defendant has had only limited contacts with the state" and the "but for" test where those contacts are "more substantial." Chew, 143 F.3d at 29.

The Court need not determine which of these tests to apply here because, on the facts available at this juncture, the Court cannot determine that Defendant's contacts with Vermont have even a "but for" causal relationship with Plaintiff's injuries. Accordingly, Plaintiff has not met even the less stringent of these tests. Defendant has denied that it solicited Plaintiff in Vermont. (Answer at ¶ 3) While Plaintiff has established that Defendant maintains some contacts with Vermont, he has not alleged a causal relationship between these contacts and his claim. Rather, Plaintiff admitted in the

6

deposition attached to Defendant's motion that he initiated contact with Defendant based on his own research, and that he joined the hunt on which he was injured at the invitation of a third party. One can reasonably infer from these facts that Plaintiff would have visited the lodge and sustained his injuries even in the absence of all of the contacts Plaintiff argues support jurisdiction. The Court must accept this inference as true when considering Plaintiff's motion for summary judgment. Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶¶13-15, 16 Vt.L.W. 333. Accordingly, Plaintiff has not shown that he would not have been injured "but for" Defendant's advertising, "but for" Defendant's solicitation of Plaintiff to promote the lodge, or "but for" the discount Plaintiff received on the cost of the hunt. Plaintiff's motion must therefore be denied.

With respect to Defendant's cross-motion, however, Plaintiff is in turn "entitled to the benefit of all reasonable doubts and inferences." City of St. Albans, 167 Vt. at 469. It is certainly reasonable to doubt that Plaintiff would have undertaken the hunting trip on which he was injured had Defendant not maintained certain contacts with Vermont, not least among them its ongoing relationship with Plaintiff and discount on the hunt. Defendant's motion, therefore, must also be denied at this juncture.

## Order

Based on the foregoing, Plaintiff's motion for partial summary judgment on the issue of personal jurisdiction is **DENIED**. Defendant's cross-motion on the same issue is **DENIED**.

Dated at Rutland, Vermont this _____ day of _____, 2005.

_____

Hon. Richard W. Norton
Presiding Judge
Rutland Superior Court