*Escano v. Pro Custom Solar, LLC*, No. 765-8-17 Cncv (Mello, J., May 3, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| RUBEN ESCANO,<br> Plaintiff<br><br>v.<br><br>PRO CUSTOM SOLAR, LLC, et al.,<br> Defendants | Docket No. 765-8-17 Cncv |

DECISION ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

This is a suit to recover civil penalties and punitive damages for the alleged violation of state and federal statutes prohibiting unauthorized telephone solicitations. Defendants have moved to dismiss the plaintiff's complaint pursuant to V.R.C.P. 12(b)(2) for lack of personal jurisdiction and pursuant to V.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants are represented by Craig S. Nolan and Sarah L. J. Aceves, Esqs. Plaintiff is representing himself.

Unless indicated otherwise, the following facts appear to be undisputed for purposes of the pending motion:

Plaintiff Ruben Escano is a resident of Vermont; he has resided here since 2013. Escano is listed on the national "Do Not Call" list, which is available for cross-reference by businesses wishing to operate within the law.

From January 20 through May 4, 2017, Escano received seven automatically-dialed and unsolicited calls to his cell phone with a supposedly "urgent" pre-recorded voice message purporting to be from a Federal assistance program that could lower his energy bills if he bought a solar-utility package. The callers purported to be operating under various Federal regulations and company names, including "Solar Solutions," "American Recovery Act," "US Renewable Energy Program," and "Solar Power Program." The calls were made from three different area codes (201, 863 and 908) and from three different states (New Jersey, Florida and California).

Escano and his cell phone were in Vermont when the seven calls were made and received. His cell phone has a (201) area code, which is a New Jersey area code.

The seven calls were made by a telemarketing company hired by Defendant Pro Custom Solar, LLC ("PCA") to generate leads. Escano alleges that PCS fraudulently masked the phone numbers from which its lead generator made the calls by causing them to "disconnect" when called back, that its representatives were evasive and deceitful when Escano asked them for information about the company, including its name, its callback number, or even the state in which the company was based, and that PCS and its officers structured their operations to "avoid legal reproach" (Complaint, p. 3).

PCS is a New Jersey limited liability company with its principal place of business in Metuchen, New Jersey. Acting under the tradename "Momentum Solar," PCS designs, permits, and installs solar panel systems for residential and commercial properties in New Jersey, New York, Florida, and California. PCS denies conducting any business in Vermont or contacting potential customers in Vermont.

Defendant Arthur Souritzidis is Chief Executive Officer, owner, and managing member of PCS. Defendant Cameron Christensen is President, owner, and managing member of PCS. Both men live in New Jersey. Neither of them is alleged to have personally made any of the calls that were placed to Escano's phone.

<u>Defendants' Motion to Dismiss for Lack of Personal Jurisdiction</u>

Defendants contend that Plaintiff's complaint must be dismissed because this court has no personal jurisdiction over them. Defendants contend that specific jurisdiction does not exist because Plaintiff does not allege that Defendant have conducted any activity in Vermont, and that general jurisdiction does not exist because Defendants have no contacts with Vermont sufficient to render them "at home" in this state. In addition, Defendant argue that exercising jurisdiction over the Defendants in this case would offend traditional notions of fair play and substantial justice.

Plaintiff contends that Defendants' motion must be denied because the seven calls that were made to his cell phone over a period of several months constituted activity in the State of Vermont sufficient to support the assertion of personal jurisdiction over the Defendants. Although the calls were placed to a cell phone with a New Jersey area code, rather than a Vermont area code, Plaintiff argues that thousands of people move to and from Vermont every year, and, therefore, the Defendants must have foreseen that calls made to a New Jersey area code might well be received in Vermont. Plaintiff also notes that in making the calls the Defendants relied on and availed themselves of the telecommunications infrastructure of Vermont.

"Vermont's long-arm statue, 12 V.S.A. § 913(b), permits state courts to exercise jurisdiction over nonresident defendants 'to the full extent permitted by the Due Process Clause' of the U.S. Constitution." <u>Fox v. Fox</u>, 2014 VT 100, ¶ 9, 197 Vt. 466 (quoting <u>Northern Aircraft, Inc. v. Reed</u>, 154 Vt. 36, 40 (1990)). The Due Process Clause has been held to permit the exercise of personal jurisdiction "over a defendant in any state where the defendant has 'certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>Id.</u>¶ 26.

The "minimum contacts" requirement ensures that defendants will have "fair warning" that they can be called before a state's courts on account of the defendant's own activities directed at the forum state or towards its citizens. Id. ¶ 27 (citing Burger King Corp. v. Rudzewicz, 471 U.S.462, 472 (1985)).

A court may exercise either general or specific jurisdiction over a nonresident defendant. General jurisdiction applies to suits not arising out of or related to the defendant's contacts with the forum state, Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U. s. 408, 414 n. 9 (1984), whereas specific jurisdiction exists where a defendant has "purposefully directed ... activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." Burger King Corp., 471 U.S. at 472 (quotations and citations omitted). In either case, the U.S. Supreme Court has made it clear that "it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 475. Moreover, "[u]nder this 'purposeful availment' requirement, a defendant cannot be summoned into a jurisdiction merely as a result of fortuitous, attenuated or random contacts." Northern Aircraft v. Reed, 154 Vt. 36, 41-42 (1990).

PCS does not have sufficient contacts with the State of Vermont in general to justify this court exercising personal jurisdiction over it in this case. There is no evidence that PCS maintains any office in Vermont, owns any property here, employs any workers here, or has any solar projects in the state. Except for the calls at issue in this case, there is no evidence that PCS has ever done business in or solicited any business from customers in Vermont. Bechard v. Constanzo, 810 F. Supp. 579, 585 (D. Vt. 1992) (no general personal jurisdiction over N.Y. physician, who treated a Vermont resident in the physician's N.Y. office, where the physician had no office in Vermont, was not licensed in Vermont, owned no property in Vermont, and solicited no business in Vermont). Not surprisingly, Plaintiff not even argue that this court has general jurisdiction over the Defendants.

Plaintiff contends that PCS's actions are, however, sufficient to meet the requirements of specific jurisdiction. The court agrees. Each of the seven calls was initiated by a telemarketing company hired to generate leads for PCS. Each of the calls was made to the Plaintiff, a resident of Vermont, via his cell phone in Vermont. The fact that the cell phone had a New Jersey area code does not change the analysis. It is general knowledge that cell phones are mobile and that owners of cell phones move from state to state without changing their cell phone numbers. Therefore, when Defendant's telemarketing firm repeatedly called "Do Not Call" listed cell phones with 201 area codes over a period of several months, it understood that it would invariably be contacting a number of cell phone owners residing in states other than New Jersey, and it understood that it would invariably be utilizing the telecommunications infrastructures of those other states. This litigation arose out of the telemarketing firm's decision to make those calls anyway.

These facts are sufficient to support this court's exercise of personal jurisdiction over PCS because they establish that PCS purposely directed activities at a resident of

Vermont, and because this litigation arose out of or related to those activities. Having purposely availed itself of the privilege of making solicitation calls within the State of Vermont, PCS had fair warning that it could be called before a court in Vermont to account for having made unsolicited and unwanted calls to one of its residents. Keim v. ADF MidAtlantic, LLC, 199 F.Supp.3d 1362, 1367-68 (S.D. Fla. 2016) (text messages sent to cell phones in Florida by a telemarketing firm on behalf of out-of-state restaurants held sufficient to subject those restaurants to personal jurisdiction in Florida). Indeed, the Vermont Supreme Court has found personal jurisdiction in cases involving even less contact with Vermont than what occurred here. See, for example, Dall v. Kaylor, 163 Vt. 274 (1995) (jurisdiction found where the out-of-state defendant was in the business of selling horses to a national market, it reached this market through advertisement in a national trade journal, and, though the sale at issue took place in Maryland, it arose from contact made as a result of the advertisement) and Brown v. Cal Dykstra Equip. Co., 169 Vt. 636 (1999) (mem.) (jurisdiction found where the Vermont plaintiff had responded to an advertisement that the out-of-state defendant had placed in a national magazine, even though the sale itself took place outside of Vermont).

Defendants contend that they cannot be sued in Vermont merely because the Plaintiff happened to be in Vermont when their telemarketer called his New Jersey area code number. In support of their contention, Defendants point out that a person cannot be haled into court in a jurisdiction "solely as a result of random, fortuitous, or attenuated contact" with that jurisdiction" (quoting Burger King Corp.). If the Plaintiff had just happened to be in Vermont when one of the calls was made to his phone, the court would agree with Defendants that such would be too random, fortuitous and attenuated to warrant an exercise of jurisdiction here. But that is not what happened. The Plaintiff was in Vermont not by happenstance but because he lives here, and he was not called once by accident but seven times over several months as part of a purposeful marketing strategy.

In light of PCS's repeated calls over a period of months to a Vermont resident listed on the "No Call List" via his cell phone, it does not offend traditional notions of fair play and substantial justice for this suit to proceed in Vermont. First, it is not unreasonable to hold telemarketers, who purposefully engage in a marketing strategy which they know will result in their calling individuals on the "Do Not Call" list in other states, subject to the burden of being sued in those other states. Such telemarketers know or should know that such conduct will cause harm in those other states. Therefore, exercising jurisdiction here would not impose an unreasonable burden upon the Defendants. Second, Vermont has an interest in providing a convenient forum for residents who have been subjected to repeated and unwanted solicitations from telemarketers. In furtherance of that interest, the Vermont legislature has enacted a law providing a remedy for such offenses in the form of a civil penalty of $500 for the first offense and $1,000 for each subsequent offense. 9 V.S.A. § 2464c. Exercising jurisdiction in this case would promote that state interest. Third, it would, as a practical matter, make it impossible for Vermont residents to obtain any relief from such offenses, if they had to sue telemarketers in the foreign states or countries where the telemarketers are located, in order to recover such small amounts of damages. For this reason, Escano's interest in obtaining convenient and effective relief also favors

4

exercising jurisdiction here.[1]  Fourthly, the principal witness in this case resides in Vermont, which is where the offense occurred.  Moreover, in light of the fact that the calls in question were initiated by a telemarketer and were made from New Jersey, Florida and California, it is not at all clear what if any witnesses from the Defendants' office in New Jersey would need to be called to testify in this case.   Therefore, the interstate judicial system's interest in obtaining the most efficient resolution of controversies also weighs in favor of this court's exercising jurisdiction over this dispute.  Lastly, while Plaintiff's claim under the applicable federal statutes could just as easily be litigated in New Jersey as Vermont, Plaintiff's claim under Vermont's telemarketer act is most appropriately litigated here in Vermont.  For these reasons, this court's exercise of jurisdiction comports with the requirements of due process.  In re R.W., 2011 VT 124, ¶ 40, 191 Vt. 108 (enumerating the five factors for determining the reasonableness of asserting specific jurisdiction over a non-resident defendant).

Finally, the court does not see any relevance in the fact that, after being called by Defendants' telemarketer, Escano contacted PCS and pretended to made an appointment to install solar services at a location in Little Falls, New Jersey.

For the foregoing reasons, PCS's motion to dismiss Escano's Complaint must be DENIED.

Defendant's Motion to Dismiss for Failure to State a Claim

The court agrees with the Defendants that Plaintiff has failed to state a claim upon which relief can be granted against either of the two individual defendants.  The mere fact that Souritzidis and Christensen are executive officers, owners and managers of PCS is not enough to impose liability upon them for PCS's acts or omissions.  There is no allegation in the Plaintiff's complaint that these individual defendants made any of the calls that are at issue in the case, that they directed the telemarketing firm to call the Plaintiff, or that they even knew that the firm would be calling the Plaintiff.  In the absence of some personal involvement beyond their roles as officers, owners and managers of PCS, they cannot be held liable for PCS' acts or omissions.  Lary v. Doctors Answer, LLC, No. CV-12-S-3510-NE, 2013 WL 987879 at *2 (an individual corporate employee may only be liable under the federal telemarketing act if he or she had "direct, personal participation in or personally authorized the conduct found to have violated the statute.").

For the foregoing reason, Plaintiff's claims against Defendants Arthur Souritzidis and Cameron Christensen are dismissed without prejudice.

Within ten days the parties shall agree upon and submit to the court their proposed scheduling order for this case.

---

[1] It appears undisputed that New Jersey's telemarketer act does not provide any private right of action.  Therefore, it appears that the Plaintiff would have no state-law remedy at all if this court were to decline jurisdiction.

SO ORDERED this 3rd day of May, 2018.


_____

Robert A. Mello, Superior  Judge