## Deane and Raylene HEDGES v. WESTERN AUTO SUPPLY CO., INC., Petrolane Gas Service, Inc., June S. Warren, and Armstrong Products Co. and Western Auto Supply Co., Inc. v. A.J. Industries, Inc.

[640 A.2d 536]

No. 92-505

January 13, 1994. The sole issue before us in this interlocutory appeal is whether defendant A.J. Industries has sufficient contacts with Vermont to support personal jurisdiction here under the Due Process Clause of the United States Constitution. We af-firm the superior court's decision upholding Vermont's jurisdiction.

Armstrong Products, a manufacturer from West Virginia, merged in 1969 with A.J. Industries, a Delaware corporation doing business principally in California. In 1971, Armstrong became a division of A.J. A.J. transferred Armstrong Division to Armstrong Products, a Delaware corporation, which in 1984 went out of business. For convenience, we refer to Armstrong and A.J. interchangeably.

In 1967, Armstrong manufactured "Wizard" space heaters, one of which was alleged by plaintiffs to have been defective. As a result, plaintiff Deane Hedges was injured when it tipped over, causing an explosion where he was working near Berlin, Vermont, in the summer of 1988. Armstrong sold the space heaters to Western Auto, which, in turn, distributed them nationally, including in Vermont. Although the line of heaters in question was designed primarily for a southern market, there were no geographical restrictions on their distribution. The record does not disclose how Hedges came into possession of the unit injuring him.

Armstrong moved to dismiss for lack of personal jurisdiction on the grounds that it was not actively conducting business in Vermont and was not licensed or registered to do business here. V.R.C.P. 12(b)(2). The superior court denied the motion, and we granted Armstrong permission to appeal.

The law applicable to this appeal is extensively set forth in *Northern Aircraft, Inc. v. Reed*, 154 Vt. 36, 40–44, 572 A.2d 1382, 1385–87 (1990), and need not be repeated here. We agree with the trial court that Armstrong "purposely availed" itself of Vermont's market by selling its heaters to a well-known national

distributorship which does business in Vermont.

Armstrong argues that no evidence shows that the heater in question or any of its heaters were sold in Vermont. It may be presumed, however, that once a national distributor markets its products, the market is national, and includes Vermont. No evidence to the contrary was introduced by Armstrong. *Charles Gendler & Co. v. Telecom Equipment Corp.*, 508 A.2d 1127 (N.J. 1986) (distribution of products nationwide gives rise to reasonable expectation that manufacturer is subject to jurisdiction in every state).

Nor has Armstrong advanced any compelling reason why jurisdiction over it would offend "'traditional notions of fair play and substantial justice.'" *Northern Aircraft*, 154 Vt. at 41, 572 A.2d at 1386 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))). The weight of the factors relevant to litigating here as opposed to another state (relative burdens on the parties and interests of the forums) decidedly favors Vermont as the more appropriate forum. The accident occurred here.

*Affirmed.*