On Application for Rehearing
PER CURIAM.
On June 24, 2016, this Court issued its opinion on original submission in an appeal filed by .Florian Hinrichs affirming' the judgment of the Geneva Circuit Court dismissing General Motors of Canada, Ltd. (“GM Canada”), as a defendant in this case on the basis that Alabama' does not have specific jurisdiction over GM Canada.
Hinrichs argues on rehearing that this Court promulgated what he characterizes as a “single-fact rule” of special jurisdiction and that such a rule has been “rejected by most courts that have considered it.” Hinrichs’s brief on rehearing, at 12. The opinion released on June 24 concluded:
“In summary, this Court has- not found any case in which a trial court has exercised specific jurisdiction over a foreign manufacturer arising from its sale of an allegedly defective vehicle in a foreign jurisdiction to a separate entity in the foreign jurisdiction unless the vehicle was ultimately sold in the forum state. Put another way, we have found no caselaw that upholds specific jurisdiction where the stream of commerce for the product does not end in the forum state. Here, there simply is no ‘suit-related conduct’ that creates a substantial connection between GM Canada and Alabama if the vehicle was not sold in Alabama, even though Hinrichs was injured in Alabama. Walden [v. Fiore], 571 U.S. [-] at -, 134 S. Ct. [1115] at 1121[, 188 L.Ed.2d 12 (2014)]. We are reluctant to create, absent supporting precedent from the United States Supreme Court, dispute-blind specific .jurisdiction.”
222 So.3d at 1141.
Hinrichs contends that he has found several cases “uphold[ing] specific jurisdiction where the stream of commerce for the product does not end in the forum state.” In response, GM Canada argues that Hin-richs cites these cases because, GM Canada says, Hinrichs contends that they reject a “single-fact” place-of-sale rule in 'the stream-of-commerce context when the defendant has other contacts with the forum state. According to GM Canada, Hinrichs’s argument fails because (1) this Court did not apply a single-fact rule and (2). GM Canada has no other suit-related contacts with Alabama. We agree.
Hinrichs first cites State ex rel. Ford Motor Co. v. McGraw, 237 W.Va. 573, 788 S.E.2d 319 (2016), a case in which a West Virginia resident was killed in West Virginia in a vehicular accident involving a Ford Explorer sport-utility vehicle that was manufactured in Kentucky; sold by Ford, a Delaware corporation with; its principal place of business in Michigan, to a dealership in Florida; sold in Florida to a Florida consumer; and sold used in West Virginia by a body shop to the decedent. The trial court found- that Ford was “at home” in West Virginia and that, therefore, the court had general jurisdiction over Ford. The Supreme Court of Appeals of West Virginia did not embrace that conclusion and, after discussing the concept of specific jurisdiction, concluded that the record was inadequate and remanded the case for further proceedings. In its opinion the McGraw court declined “to use the place of sale as a per se rule to defeat specific jurisdiction” under a stream-of-commerce analysis. 788 S.E.2d at 343. GM Canada correctly notes that, even though the McGraw court did not use the original *1157 place of sale of the vehicle as a “per se rule” in determining specific jurisdiction where there was other evidence indicating that Ford targeted the forum state, the court specifically noted that “both the purchase of the Ford Explorer and the accident resulting in death took place in West Virginia” 788 S.E.2d at 343.
McGraw is therefore not a case in which the court upheld jurisdiction in a setting where the corporate defendant, an entity organized under the. laws of a foreign country, did not have a network of its dealers or company-owned distributors in the forum state, as is the case here. Moreover, the McGraw eourt, while stating that “[t]he inquiry in specific jurisdiction ‘focuses on the relationship among the defendant, the forum, and the litigation [,] Walden v. Fiore, 571 U.S. -, -, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014),” 788 S.E.2d at 335, fails to mention the language in Walden v. Fiore, 134 S.Ct. 1115 (2014), that recognizes the requirement of suit-related activity in cases spanning the spectrum of actions based on contracts, taxation, products liability, and intentional torts. Indeed, the opinion also omits any discussion of the following language in Walden: “And it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.” 571 U.S. - at -, 134 S.Ct. at 1126.
The McGraw court distinguished and ultimately criticized Pitts v. Ford Motor Co., 127 F.Supp.3d 676 (S.D.Miss.2015), relied upon by Ford in McGraw, in which the United States District Court for the Southern District of Mississippi dismissed a products-liability case against an automobile manufacturer for lack of jurisdiction when the purchase had not occurred in Mississippi. The McGraw court first noted that, unlike in Pitts, both the purchase and the accident occurred in West Virginia. Second, the McGraw court criticized the Pitts court, stating: “[T-]he nexus analysis in Pitts [is] so rigid and formalistic as to undermine the precedent of World-Wide [Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980),] and its progeny.” 788 S.E.2d at 343, But, quite tellingly, the Pitts court grounded its analysis with a direct quote from Walden focusing upon its requirement for suit-related conduct. The.Pitts court stated:
“For jurisdiction to comport with the limits of- due process, the defendant’s suit-related conduct must create a substantial connection with the forum state. Walden [571 U.S. at -,] 134 S.Ct. at 1122-23. Instead of asking whether the defendant is ‘at home’ in the forum, this jurisdictional inquiry focuses on whether the defendant has sufficient minimum contacts with the forum and whether the plaintiffs cause of action, arises out of or relates to those forum-related contacts. Id. at 1121.”
127 F.Supp.3d at 684. As previously noted, the McGraw court does not deal with that aspect of Walden. Compare Searcy v. Parex Res., Inc., 496 S.W.3d 58, 70 (Tex. 2016):
“The United States Supreme Court has since clarified that the due process constraints on specific jurisdiction do indeed require this kind of ‘substantial connection [bétween the defendant’s forum contacts and the operative facts of the litigation],’ a concept that the Court emphasized in Walden.
“Specific jurisdiction, in short, does not turn on where a plaintiff happens to be, and does not exist where the defen- - dant’s contacts with the forum state are not substantially connected to the alleged operative facts of the case. There is no debate on these- points, as the Supreme Court has ‘consistently rejected attempts to satisfy the defendant-focused “minimum contacts” inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.’ ”
*1158 We do not consider McGraw to be either on point or persuasive.
Hinrichs next cites Gothard v. Ford Motor Co., No. 2015-CA-002724-0000-00 (Circuit Court of the Tenth Judicial Circuit, Polk County, Florida, January 19, 2016), an order in which the trial court denied Ford Motor Company’s motion to dismiss for lack of personal jurisdiction. The trial court’s order provides no reasoning-for its decision, and we decline Hin-richs’s invitation to speculate as to its reasoning.
Hinrichs next cites Mayeaux v. DRV, LLC (Civ. No. 15-949, Jan. 8, 2016) (W.D.La.2016) (not reported in F. Supp. 3d). In Mayeaux, the trial court held that Louisiana had specific jurisdiction over the defendant, even though the plaintiffs purchased the allegedly defective product, a travel trailer, in Texas. The court stated:
“First, Defendant sold its products in Louisiana through an authorized dealer. Although the specific travel trailer at issue in this case was eventually purchased in Texas, Plaintiffs were able to shop for the trailer at a Louisiana dealer. In the court’s opinion, this is a critical fact. In addition, Defendant was registered to do business in Louisiana and designated an agent for- service of process. We find that these facts, taken together, sufficiently establish Defendant’s purposeful ‘minimum contacts’ with Louisiana. Next, the court finds that Plaintiffs’ claims arise out of Defendant’s minimum contacts as explained above. Defendant’s decision to allow its products to be sold in Louisiana through an authorized dealer is directly implicated in Plaintiffs’ purchase of the product, though it was eventually purchased from a lower-priced competitor in a neighboring state. Finally, given what the court deems to be Defendant’s intentional conduct in marketing its product in Louisiana, as well as its designation of an agent for service of process, we find no merit in Defendant’s argument that our exercise of jurisdiction in this matter is unfair or unreasonable. Moreover, we reject any argument that Defendant should not have reasonably anticipated the eventuality of being sued in this forum.” ■
Mayeaux, an unpublished federal district court opinion, completely ignores Walden, citing only a Ünited States Court of Appeals for the Fifth Circuit case from 2006 and relying on facts not similar to those here presented. Thé plaintiffs in Mayeaux shopped for the product in the forum state, a state in which the defendant had qualified to do business, before purchasing the product in an adjacent state. Mayeaux is therefore not a case where the court upheld jurisdiction in a setting in which the corporate defendant, an entity organized under the laws of a foreign country, did not have a network of its dealers or company-owned distributors in the forum state, as is the case here. We do not consider Mayeaux to be either on point or persuasive.
Hinrichs next cites Mason v. Mooney Aircraft Corp. (No. 02-3323-CV-S-RED, May 8, 2003) (W.D.Mo.2003) (not reported in F. Supp.2d). In Mason, the plaintiff, an Arkansas resident, was injured when an aircraft manufactured by Mooney in which she was a passenger crashed in southern Missouri. In finding that Missouri had jurisdiction over the defendant, the court found it important that the defendant conducted business with authorized service centers in Missouri and advertised in trade publications circulated in Missouri. Of course, Mason was decided several years before Walden and is not persuasive.
Hinrichs next cites Harper v. Bridgestone, No. 2015-CP-40-03309 (Court of *1159 Common Pleas, Richland County, S.C., December 1, 2015), in which the trial court held that South Carolina had personal jurisdiction over defendant Ford Motor Company. Harper arose from a vehicular accident involving an alleged tire-tread separation. The plaintiffs alleged Ford was negligent in failing to remove the tire from service during a recall. The trial court found it relevant that Ford undertook a duty to recall the subject tire from the marketplace and that this recall was carried out by Ford dealerships across the country, including the dealership in South Carolina that had dealt with the subject vehicle and tire. Moreover, Ford admitted in Harper that it had advertised its automobiles in South Carolina on a continuous basis, that it was authorized to do business in South Carolina, and that it maintained a registered agent in South Carolina, none of which GM Canada did in Alabama. The Harper court relies entirely on pre-Walden authority. We deem Harper both distinguishable and not persuasive
Finally, Hinrichs cites Hedges v. Western Auto Supply Co., 161 Vt. 614, 640 A.2d 536 (1994), in which the trial court denied the defendant’s motion to dismiss for lack of personal jurisdiction and the Vermont Supreme Court affirmed. The opinion did not disclose how the plaintiff came into possession of the heater that formed the basis of the claim. The court based jurisdiction on its finding that the market for the defendant’s products was national, citing Charles Gendler & Co. v. Telecom Equipment Corp., 102 N.J. 460, 508 A.2d 1127 (1986), for the proposition that “distribution of products nationwide gives rise to reasonable expectation that manufacturer is subject to jurisdiction in every state.” 161 Vt. at 615, 640 A.2d at 537. The holdings in Hedges and Charles Gendler are now directly contrary to Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011), and Daimler AG v. Bauman, 571 U.S. -, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), which hold that a manufacturer is not automatically subject to jurisdiction in every state in which its products are sold.
In summary, of the foregoing cases, Mason and Hedges are pre-Walden cases decided without the benefit of the United States Supreme Court’s latest decisions concerning personal jurisdiction. Harper is an opinion of a South Carolina trial court that relied on pre-Walden authority. Goth-ard is an opinion of a Florida trial court without any statement of supporting rationale. McGraw is a case decided by the Supreme Court of Appeals of West Virginia in which the court did not decide whether the defendant was subject to general jurisdiction or specific jurisdiction because the court determined that it had an insufficient factual record on which to make such a ruling and then set forth guidelines for further proceedings below, disregarding the requirement of Walden for suit-related activity. Mayeaux completely ignores Walden. We therefore conclude that none of the cases cited by Hin-richs provides persuasive support for his application for rehearing.
The remaining issues raised by Hinrichs and the amici curiae in support having been thoroughly considered on original submission, the application for rehearing is overruled.
APPLICATION OVERRULED; OPINION OF JUNE 24, 2016, MODIFIED [BY SUBSTITUTION OF PAGES 4 AND 57],
Stuart, Bolin, and Main, JJ., and Lyons, Special Justice,* concur.
*1160 Parker, Murdock, and Wise, JJ., dissent.
Shaw, J., recuses himself.

 Retired Associate Justice Champ Lyons, Jr., was appointed on March 3, 2016, to serve as a Special Justice in regard to this appeal.