*Kirby v. REHC 1, Inc.*, No. 112-7-17 Ancv (Toor, J., June 1, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

S<small>TATE OF</small> V<small>ERMONT</small>

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Addison Unit | Docket No. 112-7-17 Ancv |

Kirby vs. REHC 1, Inc. et al

**ENTRY REGARDING MOTION**

Count 1, Personal Injury - Other (112-7-17 Ancv)
Count 2, Personal Injury - Other (112-7-17 Ancv)

Title:        Motion to Dismiss (Motion 1)
Filer:        REHC 1, Inc.
Attorney:   James W. Coffrin
Filed Date:  March 19, 2018

Supplement filed on 04/24/2018 by Attorney James W. Coffrin for Defendant REHC 1, Inc.
          (Supplemental Memorandum to Motion to Dismiss/REHC1)
Opposition filed on 05/03/2018 by Attorney Kevin E. Brown for Plaintiff Vicki Kirby
Reply filed on 05/14/2018 by Attorney James W. Coffrin for Defendant REHC 1, Inc.
Sur-reply filed May 31

This is a personal injury suit alleging that Plaintiff Kirby, a Vermont resident, was injured while a guest at a Hampton Inn run by REHC 1, Inc. (REHC) in New York State. REHC moves to dismiss, arguing that Vermont lacks personal jurisdiction over it. Plaintiff responds that Vermont has jurisdiction because REHC or its franchisor, Hampton Inns, directed advertising to Vermont residents by (1) placing ads in Niagara Falls USA, a travel publication distributed in Vermont, and (2) participating in its franchisor's on-line reservation system.

Discussion

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413 (1984). There must be minimum contacts such that the defendant could reasonably anticipate being "haled into court" in Vermont. <u>Fox v. Fox</u>, 2014 VT 100, ¶ 29, 197 Vt. 466. "The concept of minimum contacts not only 'protects the defendant against the burdens of litigating in a distant or inconvenient forum,' but also 'acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.'" <u>State v. Atl. Richfield Co.</u>, 2016 VT 22, ¶ 12, 201 Vt. 342 (2016), quoting <u>World–Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980).

There are two types of personal jurisdiction, specific jurisdiction and general jurisdiction. <u>Atl. Richfield</u>, 2016 VT 22, ¶14; <u>Fox</u>, 2014 VT 100, ¶ 27. Plaintiff need only establish one, not both. Specific jurisdiction is essentially "you had sufficient dealings in Vermont related to the subject matter of this case so that you can be haled into court related to this one matter." General jurisdiction is essentially "you do business here to such an extent that you can be treated as being a resident of Vermont for litigation in general."

When a defendant raises the issue, the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant. *See*, <u>Northern Aircraft, Inc. v. Reed</u>, 154 Vt. 36, 40 (1990); 5B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1351. To meet its burden, the plaintiff must make "a prima facie showing of jurisdiction, or, in other words, demonstrate facts which would support a finding of

jurisdiction." <u>Northern Sec. Ins. Co. v. Mitec Electronics, Ltd.</u>, 2008 VT 96, ¶ 15, 184 Vt. 303 (citation omitted).

Plaintiff is apparently arguing that specific jurisdiction applies here. "[A] court may exercise specific jurisdiction where a defendant has purposefully directed . . . activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." <u>Fox</u>, 2014 VT 100, ¶ 27 (citation omitted). Specific jurisdiction focuses upon the relationships among the defendant, the forum, and the particular subject matter of the litigation. <u>Id</u>. ¶26; <u>Walden v. Fiore</u>, 571 U.S. 277, ___, 134 S. Ct. 1115, 1121 (2014). That is, "the defendant's suit-related conduct must create a substantial connection with the forum State." <u>Walden</u>, 134 S. Ct. at 1121.

Here, the complaint contains no allegations that the alleged injuries in this case arose out of anything REHC did in Vermont. Even if the advertising done by REHC's franchisor, Hampton Inns, is properly attributable to REHC—an issue the court does not reach—the complaint contains no allegations that Plaintiff saw or acted upon any such advertisement. The same is true of the online reservation system, which Plaintiff does not allege she used. Nothing occurred in Vermont connecting Plaintiff and REHC. This distinguishes the cases cited by Plaintiff in her opposition, both of which involved advertisements that the Plaintiffs had seen and acted upon, leading directly to the transactions at issue in those cases. *See* <u>Brown v. Cal Dykstra Equip. Co.</u>, 169 Vt. 636 (1999); <u>Dall v. Kaylor</u>, 163 Vt. 274, 275 (1995). It also distinguishes a recent Vermont District Court case in which an out-of-state hotel was found to be subject to a tort suit here because it had negotiated a special discount to lure employees of Plaintiff's company to the hotel, as well as "creating a personal relationship with [Plaintiff] to encourage him to return to the hotel." <u>Leonard v. Shield Hotel Mgmt., LLC</u>, No. 5:17-CV-51, 2017 WL

3085323, at *3 (D. Vt. July 19, 2017). Likewise, the Vermont cases cited in Plaintiff's sur-reply involved an injury that occurred in Vermont, and the placement of products into the stream of commerce knowing, or reasonably foreseeing, that they would be sold in Vermont. Hedges v. Western Auto Supply Co., 161 Vt. 614 (1994)[1]; Atl. Richfield Co., 2016 VT 22, ¶ 23.

In sum, there is absolutely no basis for specific jurisdiction over REHC tied to the transaction that is the subject of this suit.

It is unclear whether Plaintiff is also arguing that general jurisdiction applies here. General jurisdiction exists when the plaintiff shows "continuous and systematic general business contacts" between the defendant and the state. Helicopteros Nacionales, 466 U.S. at 416; Schwartz v. Frankenhoff, 169 Vt. 287, 293 n. 1 (1999). There is nothing to suggest that this doctrine applies here.

"With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)(citation omitted). Mere continuous and systematic business contacts in the state are not enough; those contacts must be *so significant* that they are equivalent to the business being "at home" in the state. Id. at 127; Retail Pipeline, LLC v. JDA Software Grp., Inc., No. 2:17-CV-00067, 2018 WL 1621508, at *10 (D. Vt. Mar. 30, 2018)(no general jurisdiction where Delaware corporation was "not registered to do business in Vermont, does not own real property in the state, and does not have a Vermont address or telephone number.").

---

[1] The analysis in Hedges has also been called into question in light of more recent authority. *See* Hinrichs v. Gen. Motors of Canada, Ltd., 222 So. 3d 1114, 1159 (Ala. 2016) (Noting that the Hedges holding is "now directly contrary to Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011), and Daimler AG v. Bauman, 571 U.S. ——, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), which hold that a manufacturer is not automatically subject to jurisdiction in every state in which its products are sold.").

The advertising to which Plaintiff points is far from sufficient to meet this test. Nor is the availability of an online reservation system. Otherwise, every business that can be found online could be sued in every state, and in every country in the world except those that block internet access to their citizens. This would be an "exorbitant exercise[] of all-purpose jurisdiction." <u>Daimler AG</u>, 571 U.S. at 139. The entire idea of tying jurisdiction to a particular locale would be eliminated. While the future may bring such globalization of the legal system, we are not there yet.

<u>Order</u>

The motion to dismiss REHC  for lack of personal jurisdiction is granted.

Electronically signed on June 01, 2018 at 11:16 AM pursuant to V.R.E.F. 7(d).

_____
Helen M. Toor
Superior Court Judge